## D'Orazio v. Defeo

*Carmen P. Belefonte,* for plaintiff.
*Techner, Rubin & Shapiro,* for defendants.

WRIGHT, J., June 8, 1971.—The case under consideration is an assumpsit action wherein plaintiff demanded from defendants the amount of $678 for services rendered. After presentation of the case before them, the board of arbitrators found in favor of plaintiff and dismissed defendants' counterclaim. Under date of March 18, 1971, defendants' counsel filed an appeal from the award, submitting therewith an order for pretrial list, a statement directing the prothonotary to enter such appeal, an affidavit as to payment of costs, an affidavit of no delay, a certified receipt showing payment of arbitrators' costs of $110, and posted a bond to cover any additional accrued costs. At that time, plaintiff's bill of costs had been filed with the prothonotary. Defendants' attorney apparently did not check the docket for the bill of costs.

The contested point involved in the matter presently under review is the payment, by defendants' counsel, of plaintiff's costs, the amount being $38.35. It has been stipulated by counsel for both parties that the last day of the 20-day appeal period was March 22,

1971. On that day, defendants' counsel ascertained from plaintiff's counsel by telephone what the record costs were, and placed in the mail a check for same with covering letter, such check and letter being received by plaintiff's counsel on March 23, 1971.

On April 5, 1971, attorney for plaintiff filed a motion to quash the appeal.

The narrow issue upon which this appeal is based is whether, as required by statute and local rule, defendants are deemed to have paid the costs in perfecting their appeal within the statutory 20-day period. To this question the court answers in the negative.

The statutory requirements necessary to perfect an appeal from an award of arbitrators to the Court of Common Pleas may be found at 5 PS §71, which, in its essentials, reads as follows:

"Either party may appeal from an award of arbitrators, to the court in which the cause was pending at the time the rule or agreement of reference was entered, under the following rules, regulations, and restrictions, viz.:

"II. Such party, his agent or attorney, shall *pay all the costs* that may have accrued in such suit or action. . . .

IV. Such appeal shall be entered, and *the costs paid,* and recognizance filed, *within twenty days* after the day of the entry of the award of the arbitrators on the docket." (Italics supplied.)

In accordance with the above, the Court of Common Pleas of Delaware County, in its rule 524(7) declares that:

"Any party may appeal to the Court of Common Pleas from the report or award of the Board of Arbitrators within twenty days after the filing of the report or award *upon compliance with the statutory requirements . . .*" (Italics supplied.)

It is plaintiff's contention that defendants failed

to file or deposit, with either plaintiff's counsel or the prothonotary, within the statutory period of 20 days, a check or cash equivalent to plaintiff's costs, and, therefore, defendants' appeal is a nullity.

It is defendants' contention that they have complied with the statutory provisions and local rules governing payment of costs by depositing in the mails the check, with covering letter, on the twentieth day of the appeal period, notwithstanding the fact that said check was not received by plaintiff's counsel until the twenty-first day.

Defendants rely heavily upon the case of Madrid Motor Corporation v. Cashan, 206 Pa. Superior Ct. 383, 213 A. 2d 284 (1965). The court, per Flood, J., stated, at page 387:

"As such, they [the costs] should have been *paid* by the garnishee, *or at least tendered* to the plaintiff before, or *when the appeal was taken,* or *within twenty days* of the entry of the arbitrators' award on the docket of the prothonotary. This we consider *mandatory* to perfect an appeal from arbitration." (Italics supplied.)

It is informative to note that the court went further and said, at page 387:

"We have concluded that the statutory requirement that the party appealing from an award of arbitrators shall pay all the record costs that may have accrued is a *condition precedent* to perfecting an appeal. Smith Case, 381 Pa. 223, 112 A. 2d 625 (1955)." (Italics supplied.)

It is submitted by this court that Judge Flood, in his opinion, when he stated the words "or at least tendered," was attempting to cover the situation where appellee would refuse the tender of payment of costs by appellant. It is our opinion that he did not mean tender to extend the statutory period.

Was tender accomplished in the instant case? We

think not. The money which is to be the subject of an attempted tender must be placed in such a position that the tenderer's control over such must be relinquished to enable the tenderee to reduce it to his own possession by merely *reaching out* and effecting dominion over it himself: 86 C.J.S. Tender §30. Need it be gainsaid that a prudent attorney would not reach into the Federal mails for a check not yet having completed its travels out of postal channels?

Plaintiff's attorney was not in a position to accept the proffered money on the twentieth day because he did not have knowledge as to its whereabouts in the Federal mail channels, nor was it placed in such a position that he could reduce it to his own dominion or control. Neither in this instance was the United States mail his agent.

Defendants' counsel also relies upon the case of Myers v. Witmer, 43 Lancaster L. Rev. 377 (1933). The distinguishing feature of that case was that a check was given by defendant to the prothonotary on September 14, 1932, whereas the last day of the statutory period was the following day, September 15, 1932. The prothonotary did not cash the check until September 16th. Clearly, this is not the case we have under review.

This court has already touched upon the issue under consideration per Diggins, P.J., in Smedley v. Montgomery Construction Company, 44 Del. R. 11 (1956). In that case, a deputy prothonotary lulled defendant's counsel into a false sense of security by stating, after defendant's counsel *offered payment* of appeal costs, that he would be billed for same. At page 12, Judge Diggins said:

"We think that a strict conformity with the law and the rules of court would require that these items be *paid* at the time the appeal was taken and neces-

sarily *within the statutory period* for taking the appeal . . ." (Italics supplied.)

There is no evidence that plaintiff's attorney waived payment within the statutory period.

We, therefore, decide that tender of the money was not accomplished by defendants' counsel, and the statutory requirements that costs must be paid within 20 days was not complied with. Therefore, we make the following

### ORDER

And now, June 8, 1971, after argument before the court and upon consideration of briefs submitted, it is hereby ordered and decreed that the motion to quash appeal filed on behalf of plaintiff be and is hereby sustained.

The appeal filed on behalf of defendants is hereby dismissed.