### Townes v.
### Philadelphia Transportation Company

*Melvin Brookman*, for plaintiffs.
*Oscar S. Schermer*, for defendants.

CORTESE, Prothonotary, August 30, 1972.—These bills of costs were heard together, since respective counsel are the same and the issue is the same as raised by defendant's exceptions in each to the simple charges for "depositions" as "improper." At the hearing it was understood that these items refer to stenographers' charges for transcriptions.

Plaintiff's counsel maintains that such charges are taxable as costs on the authority of Madrid Motor Corp. v. Cashan, 206 Pa. Superior Ct. 384. We cannot agree that that case controls the question before us. There, plaintiff moved successfully to quash an appeal by the garnishee because the latter had not paid the

accrued record costs as required by the Arbitration Act of June 16, 1836, P. L. 715, as amended, 5 PS §71, and Compulsory Arbitration Rule VIA. Throughout the Superior Court's opinion repeated reference is made to "record costs" being necessary to be paid upon appeal from an arbitration award. The garnishee had not paid them, and the omission was not cured by the erroneous statement in the notice of appeal that they had been paid. Neither the question whether stenographers' fees for taking depositions are "record costs" or not, nor the question whether they are chargeable against the losing party or not, was involved there.

It seems obvious that such fees are not "record costs" as such. As to whether they can be taxed as a cost against the losing party, it is elementary that no costs are taxable except as specifically made so by statute. There is no statute providing for taxing costs of transcription of testimony other than the Act of May 1, 1907, P. L. 135, as amended, 17 PS §§1810, 1811, which does not apply here. Plaintiff's exceptions to the items claimed regarding cost of depositions are, therefore, sustained: Bonetti v. Northwest Polish American Citizens Association of Philadelphia (no. 2), 1 D. & C. 2d 243 (Phila., 1954); Quality Food Club v. Aleshire, 7 D. & C. 2d 449 (Bucks Co., 1956); Metz v. Long, 29 D. & C. 2d 697 (Cumberland Co., 1962).

Prothonotary and sheriff fees are record costs and need not be included in bills of costs. They will be included in this adjudication to prevent double payment.

Costs in Townes v. PTC are taxed in favor of plaintiff and against defendant in the amount of $41.25.

Costs in Evans v. SEPTA et al. are taxed in favor of plaintiff and against defendant, SEPTA, in the amount of $30.50.