## Jacobs v. Montgomery

*Arnold Machles*, for plaintiff.
*Robert P. McWilliams*, for defendants.

SABO, *J.*, March 31, 1975—

## FACTS

An arbitration hearing in the above-captioned case was held on November 14, 1974, following which a finding in favor of plaintiff in the amount of $7,200 was found as against all of defendants.

Copies of the report and award were filed on November 20, 1974. Defendant, John Montgomery, filed an appeal on December 10, 1974, which was the last day of appeal.

By letter postmarked December 10, 1974, defendants mailed to counsel for plaintiff, copies of the appeal papers and a check for $64.85 to cover plaintiff's costs in the matter.

Plaintiff now seeks to quash defendants' appeal on the ground that plaintiff's attorney did not receive the check for costs within 20 days after the award was entered.

## LAW

The case of Meta vs. Yellow Cab Co. of Phila., 222 Pa. Superior Ct. 469 (1972), informs us that "[t]he time has come to prohibit the use of meaningless, de minimis condition to quash appeals.": 222 Pa. Superior Ct. at 475.

Clearly, defendants' appeal was timely filed. Indeed, plaintiff's Exhibit "A" purports to be the envelope which contained defendant's check for costs. That envelope is dated "Dec. 10, 1974."

Thus, defendants have exhibited good faith in attempting to comply with Rule VI of the Rules for Compulsory Arbitration, Philadelphia County.

Furthermore, there is no absolute requirement that costs be paid within 20 days; rather they need only be tendered within 20 days of the entry of the arbitrators' award on the docket of the prothonotary: Madrid Motor Corp. v. Cashan, 206 Pa. Superior Ct. 383 (1965).

Therefore, and for the above-stated reasons, it is ordered and decreed that plaintiff's petition to quash defendants' appeal from the report and award of arbitrators is dismissed.