Concurring Opinion by
Hoffman, J.:
Appellants contend that the trial court erred in quashing their appeal for failing to pay all costs witMn the time required to perfect the appeal.
Appellants paid a sum of $122.50 to cover the arbitrators’ fees and the costs of filing the appeal and bond, but failed to reimburse the appellee for the jury trial fee.
This case is distinguishable from my dissent in Meta v. Yellow Cab Company of Phila., 222 Pa. Superior Ct. 469, 294 A. 2d 898 (1972). The word “costs” used in the provision requiring that an appeal from an award of arbitrators be entered, all costs paid, and a recognizance filed within twenty days after the entry of the award[1] has been defined as record costs. Thus, only the record costs need be paid witMn the twenty-day period. Judge Gerald Flood’s landmark opinion in Madrid Motor Corp. v. Cashan, 206 Pa. Superior Ct. 383, 386, 213 A. 2d 284 (1965) specifically defined rec *600 ord costs as follows: “Accrued record costs include all record costs, namely, costs paid by the plaintiff to the prothonotary and to the sheriff, such as fees for filing and service of this complaint, fees for filing and service of the writ of attachment summoning the garnishee, discovery costs, notary fees for various affidavits filed of record, and fees for subpoenaes to bring witnesses to arbitration hearings. This viewpoint was cited approvingly by Judge Watkins in Olsen v. Volpe, 213 Pa. Superior Ct. 498, 249 A. 2d 835 (1968). Since jury fees are not includible as record costs, failure to pay these fees within twenty days is not sufficient reason to quash the appeal.
I, therefore, concur in the result.

 June 16, 1836, P. L. 715, §27; January 14, 1952, P. L. (1951) 2087, §4; March 15, 1956, P. L. (1955) 1279, §1 (5 P.S. §71).