## Wilson *versus* Kelly.

1. The affidavit to be taken on an appeal from an award, need not be in writing, but the record must show that it has been taken.

2. The omission to make the affidavit is fatal, if the objection be taken in time.

3. The requirements of the statute in relation to an appeal from an award, are for the benefit of the appellee and he may waive them.

4. The terms of a court commenced on third Mondays of April, August and November, an appeal was entered March 5th, no affidavit appearing to have been made. On November 26th, the appellee moved to strike it off; *Held*, that the application was too late.

5. After the appeal had been entered the appellee pleaded, and procured the continuance of the case when called for trial : *Held*, that the appellee having by these acts encouraged the appellant to incur expense, &c., in preparing for trial, he waived all irregularity in the appeal.

[Wilson *v.* Kelly.]

March 17th 1876.   Before AGNEW, C. J., SHARSWOOD, MER-
CUR, GORDON, PAXSON and WOODWARD, JJ.

·  Error to the Court of Common Pleas of *Wyoming county :* Of
January Term 1876, No. 179.

On the 24th of August 1874, Charles D. Wilson brought an
action of assumpsit against James Kelly.

On the 2d of February 1875, the plaintiff entered a rule of
reference and on the 5th of March the arbitrators chosen under the
rule awarded for the plaintiff the sum of $60.   On the same day
the plaintiff appealed from the award and entered into recognisance
as required by law, but the record did not show that he had made
the required affidavit.   On the 23d of August 1875, the defendant
pleaded " non-assumpsit."   On the 22d of November depositions
were taken and the case was noted on the same day for trial; on
November 23d it was continued at the costs of the defendant.   On
the 26th of November 1875, a rule was granted on the plaintiff to
show cause why the appeal should not be stricken off.   On the
27th of November the rule was made absolute and the appeal was
stricken off.

The terms of court in Wyoming county commence on the third
Mondays in April, August and November.

The plaintiff took a writ of error and assigned the striking off
of his appeal, for error.

*F. J. Chase* (with whom were *W. E. & C. A. Little*), for plain-
tiff in error.—A written affidavit on which to ground an appeal is
not necessary : Ross *v.* Dysart, 12 Harris 395.   The objection to
the appeal was too late : Clarke *v.* McAnulty, 3 S. & R. 364 ;
Cameron *v.* Montgomery, 13 Id. 128 ; Weidner *v.* Matthews, 1
Jones 336 ; Carothers *v.* Cummings, 13 P. F. Smith 199 ; The
Delaware and Hudson Canal Co. *v.* Loftus, 21 Id. 418.   The latter
case holds that making no objections until the third term of court,
or after steps had been taken to prepare the case for trial, was a
waiver of the objections : Mayes *v.* Jacoby, 8 S. & R. 526.   The
defendant having pleaded since the appeal, waived the defect :
Cavence *v.* Butler, 6 Binn. 52 ; Zeigler *v.* Fowler, 3 S. & R. 238 ;
Shisler *v.* Keavy, 25 P. F. Smith 79 ; Howell *v.* Philadelphia, 2
Wright 471 ; Shank *v.* Warfel, 14 S. &. R. 205 ; Craig *v.* Brown,
12 Wright 202 ; Stephen's Pleading 430.

There was no paper-book or argument for defendant in error.

Mr. Justice MERCUR delivered the opinion of the court March
27th 1876.

On the 5th of March 1875, the plaintiff appealed from an award
of arbitrators in his favor, and gave the requisite security.   The
record does not show that he made any " oath or affirmation."   The
statute does not require the affidavit to be in writing : Ross *v.*

Dysart, 12 Harris 394. Yet the record should show that the necessary oath or affirmation was actually made. If not made, the omission is fatal to the appeal, if the objection be taken in time. Was it so taken?

The three succeeding terms of the Common Pleas were held in the months of April, August and November, respectively. At the April term no action appears to have been taken by either party. At the August term the defendant entered the plea of non-assumpsit, thus putting the case at issue. In September the plaintiff entered rule to take the deposition of witnesses. They were taken, and filed on the 22d November. The case was then on the trial list for November term, and on that very day was actually called by the court and marked for trial. On the day following, on application of defendant, the case was continued.

Three days thereafter, the defendant applied for a rule to show cause why the appeal should not be stricken off. The rule was granted, and subsequently made absolute.

The record fails to disclose the grounds on which the rule was taken, and the action of the court predicated. On the argument it was stated to be the absence of any affidavit.

Thus it appears no objection was made by the defendant until nearly nine months after the appeal had been entered. The requirements of the statute are for his benefit. He might waive all of them : Mayes *et al. v.* Jacoby, 8 S. & R. 526 ; Shank *v.* Warfel, 14 Id. 205 ; Craig *v.* Barclay, 12 Wright 202.

The case, however, shows more than the mere passive conduct of the defendant. He had entered a plea thereby imposing on the plaintiff the necessity of preparing for trial. The plaintiff had acted on the duty thus thrust upon him. He had incurred the necessary expense. He was in court ready for trial. Before the jury was sworn the defendant procured a continuance of the cause.

Up to this time the defendant had made no objection to the regularity of the appeal. By acts both of omission and commission he had induced the plaintiff to believe that all irregularity was waived. He not only waived his rights when he might have spoken effectively, but he gave positive encouragement to the plaintiff to incur costs and expenses. The plaintiff acted upon that encouragement. The application of the defendant to strike off the appeal came too late : Clarke *v.* McAnulty, 3 S. & R. 364 ; Sleck *v.* King, 3 Barr 211 ; Marks *v.* Swearingen, Id. 454 ; Carothers *v.* Cummings, 13 P. F. Smith 199 ; Delaware & Hudson Canal Co. *v.* Loftus, 21 Id. 418.

It follows, therefore, the learned judge erred in making the rule absolute.

> The judgment striking off the appeal is reversed, and the case ordered to be reinstated, to be proceeded in according to law.