Lanigan *v.* Lewis et al., Appellants.

274

Argued March 20, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*E. William Heuser*, with him *Torak & Deyoung,* for appellants.

*Harry N. Moran, Jr.*, with him *James N. Peck,* for appellee.

*John C. Bonner,* with him *McTighe, Koch, Brown & Weiss,* for appellee.

OPINION BY MONTGOMERY, J., June 16, 1967:

Plaintiff, Catherine Lanigan, in an action of trespass for damages arising from an accident between a taxicab in which she was riding as a passenger and another automobile, received an arbitrators' award of $6,594.92 against defendant Robert P. Alderfer, Jr., the driver-owner of the other automobile, the arbitrators finding in favor of defendants Theodore D. Lewis and William P. Hansley, the owner and driver of the taxicab. The award was filed on February 23, 1966. On March 4, 1966, Alderfer appealed from the award and in doing so paid all costs which had accrued to the plaintiff, including a statutory attorney fee of three ($3.00) dollars due plaintiff's attorney.

Thereafter, on April 6, 1966, defendants Lewis and Hansley filed a motion to quash the appeal because the defendant Alderfer had failed to pay the statutory attorney's fee[1] allegedly due their attorney, which they claimed was also part of the record costs. A rule to show cause why the appeal should not be quashed was entered by the Common Pleas Court returnable April 26, 1966. However, before the return day of the rule the case was brought to trial on the merits and all parties participated in it. The trial resulted in a verdict for plaintiff Lanigan against all the defendants, Alderfer, Lewis, and Hansley.

Subsequently the court discharged the rule on the motion to quash, refused defendants' motions for a new trial and judgment n.o.v., and ordered judgment entered on the verdict. This appeal by Lewis and Hansley followed the entry of the judgment.

---

[1] This is also referred to as a Docket Fee or a Judgment Fee.

By participating in the trial Lewis and Hansley would, as a general rule, be held to have waived any defects or omissions in the manner the appeal from the arbitrators was taken. *Wetter v. Kiley*, 95 Pa. 461 (1880); *Wilson v. Kelly*, 81 Pa. 411 (1876); *Mayes v. Jacoby*, 8 Serg. & Rawle 526 (1822). However, since they filed a motion to quash prior thereto which was acted on subsequently, we cannot hold that they waived such alleged omissions and we must consider the merits of their motion. To make proof of a waiver of a legal right there must be clear, unequivocal and decisive action of the party with knowledge of such right showing a purpose to surrender it. *Neely v. J. A. Young & Co., Inc.*, 198 Pa. Superior Ct. 196, 181 A. 2d 915 (1962).

The question before us is: Is an attorney's fee of three dollars properly taxable as part of the costs when an award of arbitrators has been appealed?

The Act of February 22, 1821, P. L. 50, 7 Sm. L. 367, §2, 17 P.S. §1635, and the Act of April 2, 1868, P. L. 3, §9, 17 P.S. §1636, are the same in meaning although the words are slightly different. In the earlier act attorneys were allowed three dollars if judgment is rendered, nonsuit or discontinuance obtained. In the latter act the same fee of three dollars is allowed, "For every suit prosecuted to judgment, discontinuance or non pros., . . ."

Although the Common Pleas Court of Philadelphia County held in *Butcher v. Scott*, 2 Pa. L.J. Reports 287, 1 Clark 311 (C.P. Phil. 1843), that the allowance of an attorney fee in appeals from the awards of arbitrators "was supported by the practice for a very long time", we find no other case supporting that construction of the law. Troubat and Haly's Practice, page 3231 (n.884) 6th Ed. (1915), recognizes that this case is followed in Philadelphia County and, obviously, that practice is what our late learned colleague Judge

FLOOD had in mind when he prepared our opinion in *Madrid Motor Corporation v. Cashan,* 206 Pa. Superior Ct. 383, 213 A. 2d 284 (1965), wherein he mentioned "Counsel Docket Fee", page 386.

There are numerous cases in other counties to the contrary: *Drake v. Parker,* 1 Co. Ct. 675 (C.P. Crawford Co. 1886) ; *Schooley v. Turner,* 3 Kulp 150, 13 Luz. L. Reg. 344 (1880) ; *Morris v. Sickler,* 3 Kulp 167 (C.P. Luz. 1884) ; *Sharpless v. Pikeland Creamery, Limited,* 1 Co. Ct. 42 (C.P. Chester Co. 1885) ; *First National Bank of Mount Joy v. Greider,* 5 Lan. Bar 1 (1873) ; *McCulla v. Opple,* 1 Pearson 150, 3 Luz. L. Obs. 87 (1863).

Whereas *Butcher v. Scott* is based on practice, the other jurisdictions base their decisions on an interpretation of the statutes. The reasons given therein are, in our opinion, sound. An award of arbitrators is not a judgment but merely has the effect of a judgment so as to become a lien on real estate, "if the appeal shall not be entered within the time limited." Compulsory Arbitration Act of June 16, 1836, P. L. 715, as amended, 5 P.S. §21 et seq.

The purpose of an appeal is to prevent judgment. When an appeal is taken the award becomes an undetermined cause which must be tried de novo and prosecuted to judgment, discontinuance or non pros. Such a judgment may be different than the award of the arbitrators and thus result in a double assessment of such attorney fees, which is not within our interpretation of the statute. We conclude that attorney fees are not properly part of the record costs which must be paid as a condition of taking an appeal from an award of arbitrators.

Insofar as practice in Philadelphia County or elsewhere is concerned, it must not be repugnant to law. It has been said that a custom is a usage which has obtained the force of law. However that be, it can-

not prevail in the face of a statute to the contrary. *Allen v. Mack*, 345 Pa. 407, 28 A. 2d 783 (1942). Therefore, we must hold that the practice in Philadelphia County, Montgomery County or elsewhere, of the prothonotary entering an attorney fee for the benefit of the attorney who represents the winner of an award in an arbitration proceeding when that award is appealed, or subject to an appeal, is unauthorized under the statute.

We do not decide the question as to the propriety of taxing such an item when an award has ripened into a judgment after the time for appealing it has expired.

Therefore, the action of the lower court in refusing appellants' motion to quash the appeal from the arbitrators' award was proper and is sustained.

The remaining question pertains to the trial following the appeal from the award. Appellants seek judgment n.o.v. in its favor or a new trial because of the absence of evidence to charge it with any negligence that was a proximate cause of this accident.

Reviewing the record in a light most favorable to the appellee, the winner of the verdict, resolving all conflicts in the testimony in her favor, and giving her the benefit of all reasonable inferences to be gained from the evidence, the facts appear to be as follows.

About 12:20 a.m. on February 29, 1964, plaintiff was being driven home in one of appellants' taxicabs, a public conveyance, when the cab collided with another motor vehicle operated by Robert P. Alderfer, Jr., at the intersection of Standbridge and Marshall Streets in the Borough of Norristown. The streets were covered with sleet and the driving was hazardous. As the taxicab, traveling north on Standbridge Street, reached the intersection it was struck on the right side by Alderfer's car which was traveling west on Marshall Street at or about 20 miles per hour. The intersection

was controlled by traffic signals which had just turned green in favor of the taxicab and red against Alderfer immediately before the collision. The taxicab entered the intersection at 25 miles per hour without stopping and attempted to make a left turn into Marshall Street at 15 to 20 miles per hour, but its driver, although seeing lights "quite away down" Marshall Street, did not see the car which struck his cab before the accident. The cab was just starting to turn into Marshall Street when it was struck, the collision occurring in the intersection. The Alderfer car skidded into the taxicab as Alderfer attempted to apply his brakes and stop because of the change in the traffic lights.

Although a common carrier, the operator of a public taxicab in this case, is not an insurer of the safety of its passengers, it is held to the highest standard of care that is reasonably practical; and further, the duty to exercise the highest degree of care at street intersections has not been relaxed by the introduction of signal lights. *Angelo v. Pittsburgh Railways Company*, 189 Pa. Superior Ct. 574, 151 A. 2d 867 (1959). Without indulging in a lengthy discussion of the law on this subject, which is well established, it is clear that the issues presented here were for the jury. It was for that body to determine whether the driver of the taxicab approached this intersection on this inclement morning too fast for the conditions present and whether he should have seen the other car in time to stop before entering the intersection and commencing his turn. We find no justification for setting aside the jury's verdict on either the question of appellants' negligence or that such negligence was a proximate cause of plaintiff's injuries.

Judgment affirmed.