## Cellutron Products Corp. *v.* Stewart, Appellant.

Argued June 14, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Michael J. Pepe, Jr.,* for appellants.

*Harry Fischer, Maurice Freedman, Herbert H. Hadra,* and *Fisher & Fisher,* submitted a brief, for appellee.

OPINION BY CERCONE, J., December 11, 1972:

The issue presented in this appeal is whether or not a defendant, after an appeal by him to the Common Pleas Court from an arbitrator's award in plaintiff's favor, can amend his counterclaim so as to change its basis.

The lower court did not permit the amendment, and we hold this to be error. Amendments are liberally allowed under Rule 1033 of the Pennsylvania Rules of Civil Procedure[1] and we see no reason to apply a more restrictive rule merely because the cause of action before the court has come to it upon appeal from a arbitrator's award. Though it is true that plaintiff will be required to face a counterclaim different than that presented before the Board of Arbitration, this presents no difficulties different than those which would attend such amendment had the action originated in the Common Pleas Court. The allowance of such amendment requiring different evidence to be presented by both parties presents no problems different than those which

---

[1] Rule 1033. Amendment

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted. Adopted June 25, 1946. Eff. Jan. 1, 1947."

normally attend the trial of a case on appeal from the arbitration award. On an appeal from such award, the trial is de novo before the court and the jury and the parties "are free to present such evidence as they may have whether it was presented before the arbitrators or not: Act of June 16, 1836, P. L. 715, Section 27, as amended, 5 P.S. Section 71; Lanigan v. Lewis, 210 Pa. Superior Ct. 273, 232 A. 2d 50 (1967)": *Bell v. Shetrom*, 214 Pa. Superior Ct. 309 (1969) at 313.

Allowance of the amendment after appeal from the arbitrator's award would not, as contended by plaintiff, "wreak havoc upon the compulsory arbitration rules". The arbitrator's award, unless appealed from, will remain in full force and effect and binding upon the parties. Where, however, there is a timely and proper appeal by one of the parties, such as in this case, the arbitrator's award loses its finality and the case is heard anew. As stated in *Lanigan v. Lewis*, 210 Pa. Superior Ct. 273 (1967) at 277: "The award of arbitrators is not a judgment but merely has the effect of a judgment so as to become a lien on real estate 'if the appeal shall not be entered within the time limit'. Compulsory Arbitration Act of June 16, 1836, P. L. 715, as amended, 5 P.S. Section 21 et seq.

"The purpose of an appeal is to prevent judgment. When an appeal is taken the award becomes an undetermined cause which must be tried de novo and prosecuted to judgment, discontinuance or non pros. . . ."

This court very clearly indicated in *Bell v. Shetrom*, 214 Pa. Superior Ct. 309 (1969), that amendments in the Common Pleas Court after appeal from the award of arbitrators are within the authority of the court. In that case this court reversed the lower court's refusal of an allowance to plaintiff to amend after appeal by defendant. We there stated: ". . . the court below refused the amendment and reversed the arbitrators' award on the ground that there was no authority to

permit the amendment since it 'injected into the case a claim distinct from that upon which trial was had.' . . . We cannot understand the court's unwillingness to permit the requested amendment. Even if a new cause of action was introduced, and we do not think one was, the six-year statute of limitations had not run and such amendments are freely authorized by Pa. R.C. P. No. 1033. See Goodrich-Amram Civil Proc. Rules Service, §1033-4.1, Commentary (1967). No prejudice to the appellee was evident. He could answer or otherwise attack the amended complaint. Certainly the court could grant him a continuance if he were not prepared to go to trial."

The amendment in this case was therefore properly within the authority of the court below to allow in the same manner as though the action had been originally instituted in the Common Pleas Court. The court, however, abused its discretion in disallowing the amended counterclaim. Prejudice that would prevent the grant of an amendment must be, as stated in 2B Anderson Pa. Civil Practice §1033.41(b), at page 246, something more than a detriment to the other party "since any amendment almost certainly will be designed to strengthen the legal position of the amending party and correspondingly to weaken the position of the adverse party.

"The fact that the adverse party would be placed at a disadvantage does not in itself bar the making of an amendment since the very purpose of amending is to improve one's position in order to place the adverse party at a disadvantage. To make the advantage sought by an amendment operate as a bar to amendment would be to destroy the right to amend except in cases when the moving party would have no reason to amend."

The plaintiff in the instant case would suffer no detriment or disadvantage other than that which would normally flow from the allowance of an amendment

changing the basis of the counterclaim made against him, and therefore there is no prejudice which would be sufficient cause to prevent the amendment.

Accordingly, the disallowance of the amendment by the court below is hereby reversed.

JACOBS, J., dissents.