## Kline v. General Telephone Company of Pennsylvania

*Daniel W. Shoemaker*, for plaintiffs.
*Peter D. Solymos*, of *Markowitz, Kagen and Griffith*, for defendant.

SHADLE, *J.*, July 9, 1974—Plaintiffs sued two corporate defendants in trespass, and the case was tried before a board of arbitrators which made an award for plaintiffs against one defendant, which appealed. Plaintiffs thereupon filed an amended complaint on the same claim against the same two original defendants and also against Shipley-Humble, Inc., which was thereby added for the first time as a party-defendant. The amounts claimed are within the compulsory arbitration limits. This defendant has filed a motion to strike the complaint as to it, and argument was had before the court.

Where a claim of a plaintiff against one defendant has been tried before a board of arbitrators, upon appeal by that defendant from an award against him may plaintiff by the filing of an amended complaint for the first time join an additional defendant in the same action for a jury trial on a claim within the compulsory arbitration limits?

Rule 20(a) of this court makes arbitration compulsory on all claims of $5,000 or less. If a plaintiff can withhold action against one of several defendants until his claim against others is tried before arbitrators and appealed therefrom for jury trial, he thereby effectively circumvents the requirement that his claim against the omitted defendant be tried before arbitrators. By so doing, he frustrates

the purposes of the rule, which are not only to afford litigants the advantage of arbitration procedures, but also to relieve the court of jury trials in cases involving small amounts. It is no answer that the case already is on appeal for jury trial of plaintiffs' claim against the original defendant. An arbitration award on plaintiffs' claim against the instant defendant may result in satisfaction to plaintiffs or resolve the issue of this defendant's liability.

This conclusion is not contrary to that reached by this court in Tilo Company, Inc. v. Caputi, January term, 1973, no. 250, filed December 28, 1973, nor to Cellutron Products Corp. v. Stewart, 223 Pa. Superior Ct. 391 (1972), cited therein. Those cases merely affirmed the right of a defendant to amend his answer after the case had been tried before arbitrators and an appeal was taken from the award. If the issue here before us were solely as to the right of plaintiffs to amend their complaint, the cited cases would control. However, we here deal with the issue of whether, by such amendment, plaintiffs can for the first time add a new defendant after appeal, and thereby bypass an arbitration trial of the claim against such defendant. We hold that this cannot be done.

Plaintiffs are not prejudiced by this result. They can institute a separate action against this defendant and seek recovery by arbitration. If satisfaction is not obtained and an award is appealed, the claim against the instant defendant can be consolidated for trial with the pending case, provided the necessary criteria for consolidation are present.

## ORDER

And now, July 9, 1974, defendant's motion to strike plaintiffs' complaint is granted, and said complaint is stricken as to defendant, Shipley-Humble, Inc. An exception is noted for plaintiffs.