## Trower v. Dursell

*A. L. Feingold,* for plaintiffs.
*Bernard F. Pettit, Jr.,* for defendants.

BRADLEY, *P. J.,* March 28, 1977 — This matter is before the court on plaintiffs' motion for reconsideration of this court's order of February 4, 1977, quashing an appeal by plaintiffs from an award of arbitrators.

The substantive issue before the court is whether plaintiffs have complied with a condition of appeal, to wit, the payment to defendants of all costs which have accrued as of the date of the filing of the appeal: Philadelphia Court Rule 180VI(A)(2).

Plaintiffs are required to pay all accrued costs within 20 days of the entry of the award of arbitrators. This requirement is mandatory. However, a potential appellant who makes a substantial effort to comply with this requirement will not be precluded from appealing because of failure to pay the precise amount due within 20 days: Black and Brown, Inc. v. Home for the Accepted, Inc. 233 Pa. Superior Ct. 518, 335 A. 2d 722 (1975).

In the present case, the costs in question are $60 for a jury fee, $3 for a statutory attorney's fee and a $1 affidavit expense.

The court, in ruling on the initial motion to quash filed in this action, reached a decision based on the belief that all three cost amounts appeared in docket entries. Since these were record costs, at least some of which had accrued as of the date of the appeal, the court concluded that appellant did not make a substantial effort to comply with the cost-payment requirement. The appeal was, therefore, quashed.

The court's belief that all three cost amounts appeared on the record was the result of information imparted to it by the prothonotary's office. The court had sought this information from the prothonotary's office because the copies of docket entries which were included with the original motion and response were illegible.

The court has now discovered that the information supplied by the prothonotary's office was erroneous. In fact, the only cost which appears on the docket is the $60 jury fee. The court must, therefore, reexamine its earlier ruling in light of the true state of the record.

Plaintiff-appellants are not required to pay all costs in the matter which have been paid by appellee as of the date of appeal; rather, only costs which have "accrued" must be paid. Thus, a statutory attorney's fee has not "accrued" at the arbitration stage because the statutory fee is not deemed "earned" until a judgment is obtained in a case: Lanigan v. Lewis, 210 Pa. Superior Ct. 273, 232 A. 2d 50 (1967). The court is similarly convinced that a jury fee has not "accrued" where the jury trial has not yet occurred. The court, there-

fore, concludes that the costs of $60 and $3 in this case were not costs which plaintiff had to pay as a condition to appealing.

The only cost that remains is a $1 affidavit fee. Although this cost did not appear on the record, it had "accrued" prior to the appeal, and plaintiff was obligated to pay the cost prior to filing the appeal. The question which must be asked is whether plaintiffs made a substantial effort to pay this amount.

Plaintiffs first sought to file this appeal near the end of the appeal period. The record was inspected and no accrued costs were found. Plaintiffs then mailed to defendants a request for a bill of costs. This request was received by defendants after the expiration of the appeal period.

It is defendants' contention that plaintiffs were required to file a request for a bill of costs early in the appeal period in order to pay costs in time. They cite Philadelphia Court Rule 180VI(A)(2). That provision requires an appellee to respond within five days to a request for a bill of costs. Defendants argue that an appellant is required to serve a request for a bill of costs no later than 15 days after the entry of the award, if a bill of costs does not already appear on the record.

Defendants' argument presents an interesting interpretation of Rule 180VI(A)(2). However, the court does not reach this question, because it finds that plaintiffs have made a substantial effort to comply with the cost-payment requirement. In the absence of a definitive appellate holding that a request for a bill of costs must be filed within 15 days, plaintiffs were entitled to proceed as they did.

Accordingly, it is

## ORDERED

And now, March 28, 1977, the court's order in this matter dated February 4, 1977, is vacated. Plaintiffs' petition for reconsideration is granted, and defendants' motion to quash the appeal from the award of arbitrators is denied.