474 A.2d 919

**Bahman TEIMOURIAN, et al.**

v.

**Rose Mary SPENCE, et vir.**

**No. 992, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

May 9, 1984.

James P. Salmon, Upper Marlboro, with whom were Sasscer, Clagett, Channing & Bucher, Upper Marlboro, on the brief, for appellants.

Donald C. Fry, Bel Air, with whom was Lawrence P. Pinno, Jr., Bel Air, on the brief, for appellees.

Argued before BISHOP, GARRITY and BLOOM, JJ.

BISHOP, Judge.

"The best laid schemes o'mice and men gang aft a-gley."
—Translation from Robert Burns' *To a Mouse* [1785].

On April 21, 1981, a panel under the Health Claims Arbitration Act (H.C.A.A.), Md.Cts. & Jud.Proc.Code Ann., Title 3, sub-title 2A (1984 repl.vol.) awarded appellee, Rose Mary Spence, $100,000.00 and her and her husband, appellee, John D. Spence, $5,096.00 plus costs against appellants, Dr. Bahman Teimourian and Bahman Teimourian, M.D., chartered.

### I.

On June 30, 1981, appellants filed a notice of rejection of award with the H.C.A.A. Office and filed in the Circuit Court for Prince George's County a notice of action to nullify the award.

On July 15, 1981, appellees filed a notice of rejection of award with the H.C.A.A. Office and filed a notice of action to nullify award in the Circuit Court for Harford County. Appellees limited their rejection and action to nullify to the damage issue only.

On July 31, 1981, in accordance with Maryland Rule BY4, appellees filed a declaration in the Circuit Court for Harford County, (Law No. 11 670), naming appellants as defendants. As required by Maryland Rule BY4 a 2, appellees attached to their declaration a true test copy of appellant's notice of action to nullify award, which had been filed in the Circuit Court for Prince George's County.

On August 13, 1984, appellants filed a motion raising preliminary objection based on prejudicial conduct of the arbitrators and lack of venue. The attack on venue was supported by appellant Teimourian's affidavit that neither of the defendants worked, lived, practiced medicine or regularly did business in Harford County. On December 22, 1981, the Circuit Court for Harford County granted defend-

ant's motion on the venue issue and transferred the case to the Circuit Court for Montgomery County, where it was designated as Law No. 59762. No ruling was made by either court on the prejudicial conduct issue.

After the usual pre-trial activities were completed, a trial date of April 21, 1983, was set by the Circuit Court for Montgomery County.

Meanwhile, on December 14, 1982, the appellant's notice of action to nullify award, which had been filed in Prince George's County, became subject to Maryland Rule 530, Dismissal for Lack of Jurisdiction or Prosecution. After complying with the requirements of notification to the parties, the Clerk of the Circuit Court for Prince George's County dismissed the case for "want of jurisdiction in accordance with Maryland Rule 530 d." Dismissal under this rule may be for either lack of jurisdiction or lack of prosecution.

On March 7, 1983, appellees dismissed Montgomery County Law No. 59762, the case that had been initiated by their filing of a declaration in Harford County and which had been removed upon the motion of the appellants to Montgomery County. Pleading and discovery were close to completion, and the case had been set for trial on April 21, 1983, forty-five days after the date of dismissal.

Exactly thirty one days thereafter the Director of the Health Claims Arbitration Office, at the urging of appellees, filed in the Circuit Court for Montgomery County a petition for confirmation of the April 21, 1981 award in the amount of $105,096.00. The Clerk of the Circuit Court for Montgomery County docketed this as a new action and assigned to it Law No. 63616. Appellants filed an opposition to this petition on April 7, 1983, and, on April 8, 1983, filed a petition for declaratory relief, in which they prayed that the court deduce:

A. That the Maryland Rule 530 dismissal resulted in a dismissal of all causes of action against the appellants;

B. That the cumulative effect of the filing of a notice of action to nullify award, a notice of rejection and a subsequent dismissal of the Circuit Court proceedings connected therewith vitiates the Arbitration Award.

C. That the action of the Director of the Health Claims Arbitration Office in seeking to enforce the award is illegal;

D. Alternatively that the appellees's line of dismissal effectively caused a dismissal of all causes of action against the defendants.

E. Alternatively, that the action appellees dismissed is still pending and appellees are required to prosecute that action.

After oral argument the court (Latham, J.) dismissed appellants' petition for declaratory relief, signed an order confirming the Arbitration Panel award, and granted judgment in accordance with the award.

Appellants ask whether the trial judge erred in confirming the Health Claims Arbitration Office award and in granting judgments in favor of the appellees.

## II.

The court ruled that appellees had the right to dismiss Law No. 59762, the case in which they had filed their declaration in accordance with Maryland Rule BY4 a 2, which provides:

"If the plaintiff filed the notice of action, the declaration shall be filed in the court where the notice of action was filed. If the defendant filed the notice of action, the plaintiff may file the declaration in any court having venue. If the notice of action was filed in a different court, the plaintiff shall file a certified copy of the notice of action with the declaration. Unless removed pursuant to Rule 542 the action shall proceed in the court where the declaration is filed."

The court went on to state that there was no action on behalf of the appellants to nullify that was "still alive and

well in this Court or in any other court in the State of Maryland." Obviously the court concluded that the Rule 530 dismissal terminated any rights appellant had to a circuit court jury trial of the issues raised before the Health Claim Arbitration Panel.

The controlling statutory provisions from Maryland Courts and Judicial Proceedings Code Annotated, follow:
Section 3–2A–05:

"(h) Confirmation of award.—Subject to § 3–2A–06, the award of the panel shall be final and binding on the parties. After the time for either rejecting or modifying the award has expired the Director shall file a copy of the award with the circuit court having proper venue, as provided in Title 6, Subtitle 2 of this article and the court shall confirm the award. Upon confirmation the award shall constitute a final judgment."

Section 3–2A–06. Judicial Review.

"(a) Rejection of award.—A party may reject an award for any reason. A notice of rejection must be filed with the Director and the arbitration panel and served on the other parties or their counsel within 90 days after the award is served upon the rejecting party, or, if a timely application for modification or correction has been filed within 30 days after a disposition of the application by the panel.

(b) Action to nullify award.—At or before the time specified in subsection (a) for filing and serving a notice of rejection, the party rejecting the award shall file an action to nullify the award and shall file a copy of the action with the Director. Failure to file this action timely in court shall constitute a withdrawal of the notice of rejection. Subject to the provisions of subsection (c) [1] the

---

**1.** Section 3–2A–06(c) provides the procedure for the modification, correction or vacation of an award by the court based on grounds set out in Courts and Judicial Proceedings Article, (Arbitration and Award) section 3–223(b) or 3–224(b)(1), (2), (3), or (4), which contain the conditions for modification of an arbitration award (3–223(b))

procedures applicable to the action including the form and necessary allegations in the initial pleading shall be governed by the Maryland Rules. If any party to the proceeding elects to have the case tried by a jury in accordance with the Maryland Rules, it shall be tried by a jury. Otherwise, the case shall be tried by a judge."

Maryland Rule BY applies to an action to nullify an award under the Health Claims Arbitration Act. Under Maryland Rule BY2, Commencement of Action, we find:

"a. Filing of Notice—Content.

An action to nullify an award rendered by an arbitration panel determining a health care malpractice claim shall be commenced by filing notice of the action with the clerk of a court within 90 days after the award is served upon the party rejecting the award, or within 30 days after disposition of a timely application to the panel to modify or correct the award, whichever is later. The notice shall identify the award and state that it is being rejected by the party filing the notice.

b. Service and Proof of Service.

A copy of the notice shall be served on all other parties to the arbitration proceeding. Service and proof of service of the notice and of all subsequent papers in the action requiring service shall be in the manner prescribed by Rule 306.[2]"

Rule BY3 requires that:

"The party making the claim against the health care provider shall be the plaintiff in the action and the health care provider shall be the defendant."

Also pertinent to the facts of this case is Rule BY4—Procedure.

---

and the grounds upon which the court shall vacate an arbitration award (3–224(b)(1), (2), (3) and (4)). This subsection is applicable to the second part of the appellants's motion raising preliminary objection, *infra.*

**2.** Maryland Rule 306 provides for the procedure for pleading, methods of service and proof of service.

"a. Filing of Declaration.

1. Time.

Within 30 days after the filing of the notice of action, the plaintiff shall file and serve a declaration."

"2. Court.

If the plaintiff filed the notice of action, the declaration shall be filed in the court where the notice of action was filed. If the defendant filed the notice of action, the plaintiff may file the declaration in any court having venue. If the notice of action was filed in a different court, the plaintiff shall file a certified copy of the notice of action with the declaration. Unless removed pursuant to Rule 542[3] the action shall proceed in the court where the declaration is filed."

Section b of this rule provides that except for deletion of the *ad damnum* of the declaration, all proceedings, including discovery and trial, shall be governed by the Maryland Rules of Procedure.

In *Attorney General v. Johnson*, 282 Md. 274, 278–281, 385 A.2d 57 (1978) the Court succinctly set out the procedure required under the Health Claims Arbitration Act:

"We have already noted the general thrust of the Act—that medical malpractice claims be submitted to arbitration as a pre-condition to court action—and we now outline in greater detail the mode envisioned by the statute for the accomplishment of the arbitration process and any subsequent court litigation. All malpractice claims against health care providers seeking damages of more than $5,000 are subject to the provisions of the Act, § 3–2A02(a), and must be initially filed, as must the responses to them, with the Health Claims Arbitration Office, § 3–2A04(a) created by the statute 'as a unit in the Executive Department.' § 3–2A03(a). The office, acting through its director, see § 3–2A03(a), refers all

---

**3.** Maryland Rule 542 contains the detailed manner in which the issue of remand is raised and the manner in which it is carried out.

issues raised to a three-member arbitration panel, § 3–2A05(a), chosen at random from lists of qualified persons prepared and maintained by the director, §§ 3–2A03(c) & 3–2A04(b); the panel for each claim is to be composed of an attorney, a health care provider, and a member of the general public. §§ 3–2A03(c) and 3–2A04(d). The arbitration panel determines whether the health care provider is liable to the claimant and if so the extent of the damages, and incorporates in its award an assessment of costs, including arbitrators' fees, § 3–2A05(d) & (e); if no party rejects the award, it becomes final and binding, is filed by the director with the appropriate circuit court, and when confirmed by that court constitutes a final judgment. § 3–2A05(h). Neither party, however, is in any way bound to accept the award; it may be rejected for any reason within ninety days. § 3–2A06(a). If a party desires to contest the decision of the panel, he must file an action in the appropriate court during the ninety-day period to nullify the award, § 3–2A06(b) & (f), and jury trial may be elected by either party. § 3–2A06(b). Any contention that an award should be vacated on the ground of corruption, fraud, partiality or the like, *see* Md.Code (1974), § 3–224(b)(1)–(4) of the Courts Article, is to be decided by the court prior to trial. § 3–2A06(c). Unless the award is thus vacated, it is admissible as evidence at the trial and presumed to be correct, with the burden or proving the contrary falling on the party rejecting it, § 3–2A06(d); should the award be vacated, 'trial of the case shall proceed as if there had been no award.' § 3–2A06(c). In addition, attorneys' fees are subjected to the approval respectively of the arbitration panel and the court. § 3–2A07." (Footnotes omitted.)

We also attempted to explain the workings of the Health Claims Arbitration Act in *Hahn v. Suburban Hospital Assn.*, 54 Md.App. 685, 461 A.2d 7 (1983). At page 693, 461 A.2d 7, in pointing out that similar to a Workmen's Compensation appeal the burden is placed upon the party rejecting the award, we stated that the Health Claims Arbitration Act

"... shifts the burden from the plaintiff to the defendant where the defendant, in effect, loses before the Health Claims Arbitration Panel and rejects the award, requiring the defendant in such a case (after filing an action to nullify the award) to satisfy a jury by a preponderance of evidence that the plaintiff is not entitled to the award made by the Panel. *See, Stewart & Co. v. Howell,* 136 Md. 423, 110 A. 899 (1920)."

In *Johnson, supra,* Judge Digges observed for the Court that:

"Either party may reject the panel's determination, for any reason or no reason, and proceed, as he could have before the statute was enacted, to have the matter determined in an appropriate Article IV court of law." 282 Md. at 287, 385 A.2d 57.

Further, appellants point out that the director of the Health Claims Arbitration Act has no power to file a petition to confirm an award unless one or more of the parties has not rejected the award in accordance with Section 3–2A–06. As the *Johnson* court noted at pages 287–88, 385 A.2d 57, footnote 13:

"That the award of the arbitration panel 'shall' be confirmed when filed with the circuit court, if it is accepted by the parties, and upon confirmation becomes a final judgment, see §§ 3–2A05(h) & 3–2A06(a), in no way alters our conclusion that the panel performs no function that is judicial in the constitutional sense. Precisely similar activity occurs when judgment is entered pursuant to a settlement agreed to by the parties. It is the agreement —here, the failure to reject the award—which allows the entry of judgment. As the highest court of Pennsylvania has said, '[A]n award made pursuant to compulsory arbitration is not itself a judgment,' *Weber v. Lynch,* 473 Pa. 599, 375 A.2d 1278, 1283 (1977); that court noted further that [t]he purpose of an appeal is to prevent judgment. *When an appeal is taken the award becomes an undetermined cause which must be tried de novo and prosecuted to judgment, discontinuance, or non pros.' Id.*

[375 A.2d] at 1283 n. 7 (*quoting Lanigan v. Lewis*, 210 Pa.Super. 273, 277, 232 A.2d 50–53 (1967)." (Emphasis supplied.)

Appellants complied with Section 3–2A–06 when, within 90 days[4] of the award they (1) filed in accordance with subsection (a) a notice of rejection with the Director of the Health Arbitration Claims Office, with the panel members and the parties or their counsel, and (2) filed in accordance with subsection (b) and Maryland Rule BY2 a, a notice of action to nullify the award with the clerk of the Circuit Court for Prince George's County and served copies of that notice with the Director of the Health Claims Arbitration Office and on the appellees' attorney.

In accordance with Maryland Rule BY4 a 1, within 30 days appellees filed a declaration; however, they chose in accordance with Maryland Rule BY4 a 2 to file their declaration in a court of their choice which they apparently thought had venue. Since appellees chose a court different from the one in which appellants had filed their notice of action, they attached to their declaration in accordance with Rule BY4 a certified copy of the notice of action filed by appellants in the Circuit Court for Prince George's County. Appellants, under Maryland Rule 542, filed a two-part motion raising preliminary objection by which they requested removal of the case to Prince George's County based on appellants' lack of residency in Harford County (he was a resident of Montgomery County) and the location of his professional office in Prince George's County, and requested that, because of the prejudicial conduct of the arbitrators, the award of the Arbitration Panel be vacated and trial proceed as if there had been no award. In accordance with Maryland Rule 317[5] the case was removed to Montgomery

---

4. Effective July 1, 1981, the time for compliance is now reduced to 30 days. Laws of 1981, Chp. 588.

5. "Rule 317. Improper Venue—Dismissal or Transfer for ....... Gen'l.

County; however, the second part of the motion requesting that the award be vacated was neither heard nor decided. Neither the points and authorities nor the affidavit accompanying the motion made any reference to the prejudicial conduct allegation. The motion to vacate based on the prejudicial conduct of the arbitrators is authorized by the Courts and Judicial Proceedings Section 3–2A–06(c) which in turn triggers Section 3–224, which includes the prejudicial conduct of the arbitrators as a ground for vacating the award. Subsection (c) also provides that any contention that the award be vacated based on any of the reasons set out in Section 3–224 "shall be determined by the court without a jury prior to trial."

Appellees argue that appellants permitted the law action in Prince George's County to remain dormant, that appellants did not move to transfer or consolidate that case with the then pending case in Montgomery County. Appellees contend that their required filing of a copy of the appellants' Notice of Action to Nullify with their declaration did not bring about a joinder or consolidation of the two cases. Appellees conclude that the Maryland Rule 530 dismissal by the Prince George's County Circuit Court of the appellants's action to nullify caused appellants's action to "die". Thereafter, they argue, the only remaining action was the one filed by them which was pending in Montgomery County and their dismissal of that action under Maryland Rule 541 cleared the decks for the filing and the reduction to judgment of the petition for confirmation of the award.

Appellees' logic is unassailable; however, their premises are wrong. Appellants did all that was required of them under the statute and the Maryland Rules. Appellees may have voluntarily rejected and acted to nullify the award, however, under the statute and the rules because

The court in which an action is filed laying venue in the wrong county shall, upon timely and sufficient objection to the venue, dismiss the action or, if it be in the interest of justice, transfer it to any county in which it could be brought."

the appellants also acted to reject and nullify the appellees were required to file the declaration. Maryland Rule BY4 a 1 requires that "within 30 days after the filing of the notice of action, the·plaintiff *shall* file and serve a declaration." Also under Rule BY4 a 2 they were required to file with their declaration a copy of the notice of action which had been filed by appellants in the Circuit Court for Prince George's County. By virtue of the statute and the rule, we hold that when a defendant files a notice of action in a jurisdiction that is different from the jurisdiction in which the plaintiff elects to file a declaration, the filing of the declaration with a certified copy of the defendant's notice of action amounts to an automatic consolidation of the two cases which, once the venue question is settled, divests the court in which defendants' notice of action was filed of venue. Nothing in the statute or the rules required the appellants to move to consolidate the Prince George's County filing with the Montgomery County case. We further hold that a dismissal under Maryland Rule 530 because of lack of jurisdiction of the case originated by the defendants' Notice of Action is proper, but has no effect whatever on the case over which the court selected by the plaintiff has jurisdiction.

It is obvious from the record that appellees' dismissal under Maryland Rule 541 on March 7, 1983, with no notice to appellants (none was required) and then coincidentally, exactly 31 days later, the filing of the Petition for Confirmation of the Award by the Director was an attempt by appellees to prevent the Circuit Court review of the case, to which appellants were entitled. The only action that the appellees had the power to dismiss was their own.

The court erred in granting the Petition for Confirmation and entering judgments in favor of the appellees.

JUDGMENTS REVERSED; CASE REMANDED FOR PROCEEDING IN ACCORDANCE WITH THIS OPINION.

COSTS TO BE PAID BY THE APPELLEES.