557 A.2d 418

**RELIANCE SECURITY SERVICE, INC., Appellee,**

v.

**2601 REALTY CORP., Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 9, 1989.

Filed April 25, 1989.

Mark C. Rifkin, Philadelphia, for appellant.

A. Taylor Williams, Philadelphia, for appellee.

Before WIEAND, MONTEMURO and HOFFMAN, JJ.

WIEAND, Judge:

Where a corporate defendant is found liable for breach of contract in compulsory arbitration and appeals, is the rate of interest on his indebtedness, as subsequently adjudicated in a trial de novo, determined according to the terms of the contract or at the legal rate? The trial court determined that the indebtedness continued to bear interest at the rate established by the contract until a verdict was entered.[1] We agree and affirm.

2601 Realty Corporation (2601 Realty) contracted with Reliance Security Service, Inc. (Reliance) for fire security service to be provided to an apartment building owned by 2601 Realty while the building's fire alarm system was being upgraded. The contract provided for weekly payments for Reliance's services and imposed an interest rate of one and one-half (1½%) percent per month for any payments overdue for more than thirty (30) days. 2601 Realty failed to pay any of Reliance's invoices, contending that the services had been inadequately rendered. Reliance, therefore, filed suit. The matter was referred to compulsory arbitration where, after hearing, an award was entered in favor of Reliance for $6,886.20. 2601 Realty appealed. Following trial without jury, the trial court al-

---

1. Appellant has not argued that the rate established by the contract was usurious. Section 15.1 of the Act of July 20, 1968, P.L. 459, No. 216, 15 P.S. § 1313, amending the Business Corporation Law, provides:

> No business corporation shall plead or set up usury, or the taking of more than six percent interest, as a defense to any action brought against it to recover damages on, or to enforce payment of, or to enforce any other remedy on, any mortgage, bond, note, or other obligation executed or effected by the corporation.

lowed a recovery by Reliance in the amount of $4,312.50, plus counsel fees of $3,405.50 and interest of $2,644.08. Interest was computed at the rate of one and one-half (1½ %) percent per month, or eighteen (18%) percent per annum, as provided in the parties' agreement. Post-trial motions were denied, and judgment was entered. On appeal, 2601 Realty argues only that the trial court erred in computing interest.

Appellant contends that after an award had been entered by a board of arbitrators, interest on any amount found to be due thereafter had to be calculated at the legal rate of six (6%) percent. Act of January 30, 1974, P.L. 13, No. 6, 41 P.S. § 202. We disagree. The statutory provision relied upon by appellant requires that a judgment bear interest at the legal rate "from the date of the verdict or award or from the date of the judgment, if the judgment is not entered upon a verdict or award." 42 Pa.C.S. § 8101.

The purpose of an appeal from compulsory arbitration, however, "is to prevent judgment. When an appeal is taken the award becomes an undetermined cause which must be tried de novo and prosecuted to judgment, discontinuance or non pros." *Lanigan v. Lewis*, 210 Pa.Super. 273, 277, 232 A.2d 50, 52–53 (1967). See also, *Weber v. Lynch*, 473 Pa. 599, 610 n. 7, 375 A.2d 1278, 1283 n. 7 (1977); *Cellutron Products Corp. v. Stewart*, 223 Pa.Super. 391, 393, 300 A.2d 900, 901 (1972) ("The arbitrator's award, unless appealed from, will remain in full force and effect and binding upon the parties. Where, however, there is a timely and proper appeal by one of the parties, such as in this case, the *arbitrator's award loses its finality and the case is heard anew.*") (emphasis added).

As soon as appellant perfected an appeal from the compulsory arbitration award, therefore, the arbitration award ceased to exist. The court in which the appeal was filed was not bound by the findings of the arbitrators, and the action could "proceed to trial with no evidentiary limitations upon the parties other than those which would be applicable to an original trial." *Weber v. Lynch, supra,* 473 Pa. at

610, 375 A.2d at 1283. The effect of the appeal, in law and in fact, was to return the parties to the positions in which they were prior to arbitration. Thus, the trial court could properly assess interest at the rate specified by the parties in their agreement. It was only after the trial court's verdict had been entered that it bore interest at the rate of six (6%) percent per annum.

Affirmed.