## Madrid Motor Corporation *v.* Cashan (et al., Appellant).

384

Argued June 15, 1965. Before Ervin, P. J., Wright, Watkins, Montgomery, Flood, Jacobs, and Hoffman, JJ.

*Gerald J. Cohen,* with him *John J. Connors, Jr.,* for appellant.

*Michael F. Beausang, Jr.,* with him *Donald W. Kramer* and *William M. Marutani,* for appellee.

OPINION BY FLOOD, J., September 16, 1965:

This action in trespass is for property damages to plaintiff's automobile arising from an accident on April 9, 1960. On August 18, 1961, judgment by default was entered in favor of the plaintiff and against the defendant. On March 22, 1962, the court assessed damages for the plaintiff in the sum of $1120.

On April 17, 1962, the Wissahickon Mutual Casualty Company was summoned as garnishee, on which date interrogatories in attachment were duly served on the garnishee. After exhaustive pretrial discovery, the action against the garnishee, being at issue, was referred to compulsory arbitration. On October 2, 1962, the arbitrators' report was filed with the prothonotary awarding the plaintiff the sum of $1120, with interest of $33.60, against the garnishee.

When the case was called for trial, on October 22, 1964, plaintiff moved to quash the garnishee's appeal from the arbitrators' award on the ground that it was defective because the record costs that had accrued to the time of the appeal had not been paid. Plaintiff's motion to quash the appeal was granted and the trial judge affirmed the award of the arbitrators and entered judgment for the plaintiff against the garnishee in the sum of $1153.60, with interest from October 2, 1962.

Plaintiff's motion to quash garnishee's appeal from the arbitrators' award for failure to pay all costs ac-

crued to the date of the appeal is based upon §27 of the Arbitration Act of June 16, 1836, P. L. 715, as amended January 14, 1952, P. L. (1951) 2087, §4; and March 15, 1956, P. L. (1955) 1279, §1, and Philadelphia County Court Rule VI A, pertaining to appeals from arbitration awards.

The fees paid by the garnishee on taking the appeal from the award of arbitration merely covered the cost of filing the appeal and the jury fee. The notation stamped on the notice of appeal, "All record costs to date paid", is untrue and such fact is of no assistance to the garnishee as it paid none of the record costs.

It was the obligation of the garnishee to make payment of all accrued costs to perfect the appeal, therefore, garnishee cannot complain because of its own neglect and failure to comply with the statute and court rule. Also, the garnishee was not harmed or even misled by the use of this "stamp" because it knew that it did not pay any of the accrued record costs. *Budde v. Sandler*, 204 Pa. Superior Ct. 36, 201 A. 2d 247 (1964).

Accrued record costs include all record costs, namely, costs paid by the plaintiff to the prothonotary and to the sheriff, such as fees for filing and service of this complaint, fees for filing and service of the writ of attachment summoning the garnishee, discovery costs, notary fees for various affidavits filed of record, and fees for subpoenaes to bring witnesses to arbitration hearings. The purpose of a bill of costs is to place upon the record only such costs as are not reflected in the record, and without a bill of costs having been filed, appellant should nevertheless pay all the accrued record costs reflected in the docket.

The prothonotary's costs for the institution of the action, and plaintiff's answer to new matter, discovery fees, notary fees and counsel's docket fee, as well as the sheriff's costs paid by the plaintiff to the date of the taking of the appeal are reflected in the record and

are "record costs" accrued to the time of taking the appeal. As such, they should have been paid by the garnishee, or at least tendered to the plaintiff before, or when the appeal was taken, or within twenty days of the entry of the arbitrators' award on the docket of the prothonotary. This we consider mandatory to perfect an appeal from arbitration.

The notation on the garnishee's notice of the appeal that all record costs to date were paid does not help the garnishee since it is an obvious error which the garnishee's attorney knew. The garnishee, who knew it was not correct, and whose counsel was aware that he paid none of the accrued costs, cannot rely on such an erroneous notation in the record. *Budde v. Sandler,* supra.

The garnishee's appeal from the arbitration award was quashed because, inter alia, all the record costs accrued to the time of the taking of the appeal had not been paid as required by statute and rule of court, which rule in this particular, as it must, substantially follows the statute making provisions for compulsory arbitration of certain claims. We, therefore, hold that even the tender of accrued costs after the lapse of twenty days is not sufficient to allow an appeal nunc pro tunc.

We have concluded that the statutory requirement that the party appealing from an award of arbitrators shall pay all the record costs that may have accrued is a condition precedent to perfecting an appeal. *Smith. Case,* 381 Pa. 223, 112 A. 2d 625 (1955). Being a statutory requirement, it is just as mandatory as the statutory requirement that an award must be appealed within the time limit fixed by the statute.

The prothonotary's costs must be paid irrespective of the filing of a bill of costs. If the prothonotary's costs are included in a bill of costs, they must be paid even though exceptions are filed to parts of the bill of

costs and the bill of costs have not been taxed by the prothonotary.

On the other hand, some items must be charged in a final bill of costs such as costs of subpoenaes and fees of witnesses. If these costs are excepted to and untaxed by the prothonotary, they need not be paid prior to an appeal.

In this case when the bill of costs was finally filed the garnishee filed exceptions contending that some of the items therein were fees of the prothonotary and sheriff, and should not be included in the bill of costs. While he is correct in his latter statement, these fees are collectible without reference to a bill of costs and they do not need to be taxed by the prothonotary since they are record costs of his own.

Order and judgment affirmed.

WRIGHT, J., dissents for the reasons set forth in his dissenting opinion in the case of *Fleisher v. Kaufman*, 206 Pa. Superior Ct. 378, 212 A. 2d 846 (1965).