## Harry C. Erb, Inc. v. Shell Construction Co., Inc. et al., Appellants.

Argued June 15, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

*Joseph G. Manta,* with him *James M. Marsh,* and *LaBrum and Doak,* for appellants.

*Stephen M. Feldman,* with him *Joseph G. Feldman,* and *Feldman & Feldman,* for appellees.

OPINION BY FLOOD, J., September 16, 1965:

This appeal is controlled by our decisions in *Budde v. Sandler,* 204 Pa. Superior Ct. 36, 201 A. 2d 247 (1964), *Fleisher v. Kaufman,* 206 Pa. Superior Ct. 378, 212 A. 2d 846 (1965), and *Madrid Motor Corporation v. Cashan,* 206 Pa. Superior Ct. 383, 213 A. 2d 284 (1965).

However, the instant case presents an additional issue which we deem advisable to consider here. It has been argued that it is unconstitutional and unfair to apply the rule of *Budde* and *Fleisher* retroactively to cases in which appeals were taken prior to the *Budde* decision. This argument fails because it erroneously equates retroactive application of a judicial decision interpreting an existing statute with retroactive legislation. Judicial construction of a statute becomes part

of the legislation from the time of its enactment. *Phila-delphia v. Schaller,* 148 Pa. Superior Ct. 276, 280, 25 A. 2d 406, 409 (1942).

With regard to the payment of costs the language of the Arbitration Act is clear and unambiguous. Certainly judicial construction of this statute is not necessary to constitute fair notice to appellants of the requirements of appealing.

Order and judgment affirmed.

WRIGHT, J., dissents for the reasons set forth in his dissenting opinion in the case of *Fleisher v. Kaufman,* 206 Pa. Superior Ct. 378, 212 A. 2d 846 (1965).