Olsen et al., Appellants, *v.* Volpe.

Argued June 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Hugh M. Odza,* with him *Wissow and Odza,* for appellant.

*Richard S. March,* with him *Gerber, Galfand & Berger,* for appellee.

OPINION BY WATKINS, J., December 12, 1968:

These appeals are from orders of the County Court of Philadelphia dismissing appellants' motions to quash appeals from the award of a Board of Arbitration in each case for failure to pay all the record costs accrued to the date of the appeals.

These appeals are interlocutory and must be quashed. *Caples v. Klugman,* 202 Pa. Superior Ct. 517, 198 A. 2d 342 (1964); *Budde v. Sandler,* 204 Pa. Superior Ct. 36, 201 A. 2d 247 (1964). In order to dispel any doubt as to the propriety of the orders of

the court below we will express our views on the procedure followed.

In the case of *Lamantia v. Volpe* and *Olsen*, all accrued costs were admittedly paid and the order dismissing the motion to quash was proper. In the case of *Olsen v. Volpe* all costs of record were paid by appellee except fifty cents, representing the prothonotary's charge for filing a bill of costs. In the court below the appellant contended that a "statutory attorney's fee" in the sum of three dollars was not paid. The court below properly held: "The statutory attorney's fee is based on the Act of February 22, 1821, P. L. 50, 17 P.S. §1635 and the Act of April 2, 1868, P. L. 3, 17 P.S. §1636. The attorney's fee of $3.00 becomes payable only if a judgment is entered or a nonsuit or discontinuance is obtained."

In cases docketed with the prothonotary there are two distinct types of costs incurred, i.e., those docketed by the prothonotary and paid to him and those incurred by counsel independent of the prothonotary. In *Madrid Motor Corp. v. Cashan*, 206 Pa. Superior Ct. 383, 213 A. 2d 284 (1965), these were noted as follows: "Accrued record costs include all record costs, namely, costs paid by the plaintiff to the prothonotary and to the sheriff, such as fees for filing and service of this complaint, fees for filing and service of the writ of attachment summoning the garnishee, discovery costs, notary fees for various affidavits filed of record, and fees for subpoenaes to bring witnesses to arbitration hearings. The purpose of a bill of costs is to place upon the record only such costs as are not reflected in the record, . . . .".

It should be noted that a bill of costs may not have been filed of record and in such event would not have to be paid at the time of the appeal, also counsel could waive payment of his costs independently accrued. It

is apparent that the filing of a bill of costs is a procedural step to secure payment of costs not reflected in the record and is entirely separate and independent of the actual litigation. In order to recover the fee for filing a bill of costs, it should be included in the bill of costs as an item of costs not necessarily a record cost reflected by the docket.

Order affirmed.

Appeals quashed.

JACOBS, J., concurs in the result.