Black and Brown, Inc. *v.* Home for the Accepted, Inc., Appellant.

Submitted September 17, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Otis R. Johnson,* and *Braxton, Johnson & Kopanski,* for appellant.

*George Ashe* and *Rubin Mogul,* for appellee.

OPINION BY VAN DER VOORT, J., March 31, 1975:

This appeal again raises the issue of whether the non-payment of costs, in an appeal from an award of arbitration, should support a dismissal of the appeal. Our review requires a re-examination of the holding in *Meta v. Yellow Cab Company of Philadelphia,* 222 Pa. Superior Ct. 469, 294 A.2d 898 (1972).

The record in the instant case shows that on September 9, 1971, a Complaint in Assumpsit was filed by appellee against appellant in the Court of Common Pleas. Appellee had previously filed a mechanic's lien for alleged non-payment on cabinets and appliances furnished to appellant. The assumpsit action was heard by a Board of Arbitrators and on December 3, 1973 an award was filed in favor of appellee for two thousand, four  hundred, seventy-five ($2,475.00) dollars plus interest. The award was docketed on December 28, 1973.

The docket entries show a sum of twenty-eight ($28.00) dollars in the upper left hand corner. The parties agreed that on December 30, 1973, appellant's trial counsel inquired of, and was informed by, counsel for appellee, that accrued costs amounted to one hundred, two ($102.00) dollars.[1] Appellant's trial counsel notified his client of the costs and the necessity for payment of costs if an appeal was taken. Appellant disregarded this notice and dismissed its trial counsel without notice to appellee. Appellant did not inform new counsel of its prior notice as to costs. An appeal from the Arbitrators award was made on January 10, 1974. Despite compliance with other requirements, appellant made no effort to pay accrued costs to appellee prior to the expiration of the appeal period.

On February 15, 1974, appellee filed a Motion to Quash the appeal based on the failure of appellant to tender costs. On March 14, 1974, appellant's counsel offered appellee's counsel a check for one hundred, two ($102.00) dollars, but such tender was refused. On March 22, 1974, the lower court granted appellee's Motion and ordered the appeal quashed. The instant appeal followed.

The appellant maintains that the action of the lower court was erroneous in light of the holding of *Meta v.*

---

1. The lower court's opinion in support of its Order indicates actual record costs of forty-eight dollars and fifty cents ($48.50), rather than one hundred and two ($102.00) dollars.

*Yellow Cab Company of Philadelphia, Id.* In that case, the defendant's attorney paid to the plaintiff's attorney only ten ($10.00) dollars for record costs of the arbitration proceedings, rather than the actual amount due, seventeen dollars and seventy-five cents ($17.75).[2] Judge PACKEL, in a Majority Opinion, joined by then President Judge WRIGHT, and Judges SPAULDING and CERCONE, held essentially that the ". . . 20 day time limit and the furnishing of security are properly jurisdictional requirements but the requirement for the payment of costs is *directory rather than mandatory* [emphasis supplied]." *Meta, supra,* 222 Pa. Superior Ct. at 476, 294 A.2d at 902. In a Dissenting Opinion, Judge HOFFMAN, joined by present President Judge WATKINS and Judge JACOBS, argued essentially that the requirement was mandatory that costs be timely paid to perfect the appeal, and that the Court should not disregard the clear legislative command by holding otherwise.[3]

The lower court in the instant case distinguished *Meta* from the facts of this case since there was no attempt by appellant in this case to pay *any* costs during the appeal period. In our review of the instant appeal we find significant the fact that no timely attempt to tender costs was

---

2. It is noteworthy that the ten dollar ($10.00) payment in *Meta* was tendered within the twenty (20) day appeal period.

3. The Act of June 16, 1836, P.L. 715, §27, 5 P.S. §71, as amended, reads *inter alia* as follows:

"§71. Parties may appeal—

Either party may appeal from an award of arbitrators, to the court in which the cause was pending at the time the rule or agreement of reference was entered, under the following rules, regulations and restrictions, viz.:

II. Such party, his agent or attorney, shall pay all the costs that may have accrued in such suit or action. . . .

IV. Such appeal shall be entered, and the costs paid, and recognizance filed, within twenty days after the day of the entry of the award of the arbitrators on the docket."

made by appellant, despite express notice of the requirement that this be done.

Our recognition in this regard leads us to conclude that the holding in *Meta* must be overruled insofar as it declares that the statutory requirement of the payment of costs in this type of appeal is directory rather than mandatory. We simply cannot condone a complete refusal and failure to pay the record costs in an appeal from arbitration.

Both the majority and minority views in *Meta, supra,* recognized the harshness of denying a party a right of appeal when he mistakenly paid ten ($10.00) dollars in record costs, rather than the actual record costs of seventeen dollars and seventy-five cents ($17.75). The majority pointed out that in other cases, our Court has followed a principle of the sufficiency of substantial compliance.[4] We now adopt that rationale and hold that the requirement that record costs be paid during the appeal period is mandatory—but with the caveat that a valid attempt to make such timely and full payment, coupled with substantial though incomplete compliance with the requirement should not result in the harsh finality of an order quashing an appeal from arbitration. Rather, our courts should examine the appellant's attempts at compliance in order to determine whether an honest effort has been made to meet the requirements of the statute.[5] Our overruling of the holding of *Meta* applies also to its progeny. (See e.g.: *Holmes v. Broodno,* 222 Pa. Superior Ct. 478, 294 A.2d 903 (1972)).[6]

---

4. See *Beth-Allen Sales Co. v. Hartford Insurance Group,* 217 Pa. Superior Ct. 42, 268 A.2d 203 (1970), where it was held that an appeal from arbitration need not be quashed for technical non-compliance with the requirements of recognizance.

5. In this regard, compare *Beth-Allen Sales Co. v. Hartford Insurance Group,* supra.

6. It is significant that over two years have passed since the decision in *Meta,* and although the Legislature has had a full oppor-

Lastly, returning to the facts of the instant appeal, we find no attempt at substantial compliance by appellant, but rather a situation where no semblance of compliance exists. The lower court, in view of this record, was correct in quashing the appeal.

Affirmed.

HOFFMAN and CERCONE, JJ., concur in the result.

---

tunity to amend the statute to eliminate the requirement that costs be timely paid, it has not seen fit to do so.