346 A.2d 765
**JAMES F. OAKLEY, INC.**
v.
**SCHOOL DISTRICT OF PHILADELPHIA, Appellant.**

Supreme Court of Pennsylvania,

Argued Jan. 13, 1975.

Decided Oct. 30, 1975.

Alan H. Gilbert, Philadelphia, for appellant.

Jerome Poltenstein, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

On August 14, 1972, a panel of arbitrators entered an award against the appellant, School District of Philadelphia, in the amount of $9,470.36. The appellant then filed an appeal from the award in the Court of Common Pleas. Appellee, James F. Oakley, Inc., moved to quash the appeal contending that the appellant had not complied with the appeal requirements of the Act of June 16, 1836, P.L. 715, § 27, *as amended*, 5 P.S. § 71. The trial court granted the motion and an appeal to the Superior Court followed. The Superior Court affirmed the order of the trial court. *James F. Oakley, Inc. v. School District of Philadelphia*, 228 Pa.Super. 907, 322 A.2d 665 (1974). Appellant's petition for allowance of appeal to this Court was subsequently granted. The law in Pennsylvania permits an appeal de novo from an award of arbitrators if the appealing party complies with certain conditions. The relevant statutory provisions follow:

> "Either party may appeal from an award of arbitrators, to the court in which the cause was pending at the time the rule or agreement of reference was en-

tered, under the following rules, regulations and restrictions, viz.:

I. The party appellant, his agent, or attorney, shall make oath or affirmation, that 'it is not for the purpose of delay such appeal is entered, but because he firmly believes injustice has been done.'

II. Such party, his agent, or attorney, *shall pay all the costs that may have accrued in such suit or action.*

III. The party, his agent, or attorney, shall enter into the recognizance hereinafter mentioned.

IV. *Such appeal shall be entered, and the costs paid, and recognizance filed, within twenty days after the day of the entry of the award of the arbitrators on the docket.*

V. In all cases under section 8.1 hereof, any party appealing shall first repay to the county the fees of the members of the board of arbitrators herein provided for, but not exceeding fifty per cent of the amount in controversy. The balance of the arbitrator's fees shall be absorbed and paid by the county. Such fees shall not be taxed as costs or be recoverable in any proceeding. All appeals shall be de novo. 1836, June 16, P.L. 715, § 27; 1952, Jan. 14, P.L. (1951) 2087, § 4; 1956, March 15, P.L. (1955) 1279, § 1."

(Emphasis added.)

5 P.S. § 71.

There is no dispute that the appellant (1) made the required oath or affirmation; (2) entered a timely appeal; (3) posted the necessary bond; and (4) paid a total of $211.00 for accrued costs and arbitrator's fees.

The appellee contends that the appellant failed to pay additional accrued costs in the amount of $29.50. The failure of the appellant to pay these costs, according to the appellee, required the quashing of appellant's appeal.

Prior to 1972, decisions of the Superior Court generally held that an appeal from an award of arbitrators

should be quashed for noncompliance with statutory directives. *See Fleisher v. Kaufman*, 206 Pa.Super. 378, 212 A.2d 846 (1965); *Madrid Motor Corp. v. Cashan*, 206 Pa.Super. 383, 213 A.2d 284 (1965); *Harry C. Erb, Inc. v. Shell Const. Co.*, 206 Pa.Super. 388, 213 A.2d 383 (1965). In 1972, however, the Superior Court, in *Meta v. Yellow Cab Co. of Philadelphia*, 222 Pa.Super. 469, 294 A.2d 898 (1972), held that the statutory requirement that costs be paid was directory and not mandatory. Thus, an appellant's failure to comply with the statutory requirements was not proper grounds for quashing an appeal if an appellant's lack of compliance involved "a meaningless *de minimis* condition." 222 Pa.Super. at 475, 294 A.2d at 902.

The reasoning contained in *Meta, supra*, was followed by the Superior Court successively in *Holmes v. Broodno*, 222 Pa.Super. 478, 294 A.2d 903 (1972), *Dickerson v. Hudson*, 223 Pa.Super. 415, 302 A.2d 444 (1973), and *Menarde v. Southeastern Pa. Transp. Co.*, 224 Pa.Super. 536, 309 A.2d 160 (1973); but see *Musgrove v. L. B. Smith, Inc.*, 224 Pa.Super. 172, 302 A.2d 515 (1973). More recently, in *Black and Brown, Inc. v. Home for The Accepted, Inc.*, 233 Pa.Super. 518, 335 A.2d 722, 724 (1975) the Superior Court said:

"Our recognition in this regard leads us to conclude that the holding in *Meta* must be overruled insofar as it declares that the statutory requirement of the payment of costs in this type of appeal is directory rather than mandatory. We simply cannot condone a complete refusal and failure to pay the record costs in an appeal from arbitration.

Both the majority and minority views in *Meta, supra*, recognized the harshness of denying a party a right of appeal when he mistakenly paid ten ($10.00) dollars in record costs, rather than the actual record costs of seventeen dollars and seventy-five cents ($17.-75). The majority pointed out that in other cases, our

Court has followed a principle of the sufficiency of substantial compliance. We now adopt that rationale and hold that the requirement that record costs be paid during the appeal period is mandatory—but with the caveat that a valid attempt to make such timely and full payment, coupled with substantial though incomplete compliance with the requirement should not result in the harsh finality of an order quashing an appeal from arbitration. Rather, our courts should examine the appellant's attempts at compliance in order to determine whether an honest effort has been made to meet the requirements of the statute. Our overruling of the holding of *Meta* applies also to its progeny." (Footnotes and citation omitted.)

■ This Court has previously held that statutory requirements for the perfecting of an appeal are jurisdictional. *In Re Purdy's Estate*, 447 Pa. 439, 291 A.2d 93 (1972); *Luckenbach v. Luckenbach*, 443 Pa. 417, 281 A. 2d 169 (1971); *In Re Dixon's Estate*, 443 Pa. 303, 279 A.2d 39 (1971); *Commonwealth v. Yorktowne Paper Mills, Inc.*, 419 Pa. 363, 214 A.2d 203 (1965) and *Carr v. McGovern*, 66 Pa. 457 (1870). No acceptable reasoning has been presented to persuade this Court to ignore the statutory requirements concerning the perfecting of an appeal de novo from an award of arbitrators under the Act of 1836. The Act provides that one "*shall* pay all costs that may have accrued in such suit or action." The Act further provides that "[s]uch appeal *shall* be entered, and the costs paid, and recognizance filed, within twenty days after the day of entry of the award of the arbitrators on the docket." (Emphasis added.) We are unable to find any justification for giving the word *shall* a different meaning in one sentence than we give it in a different sentence of the same section of the Act of 1836. The only proper conclusion is that the word *shall* preceding the words *pay all the costs that may have accrued* must be considered mandatory in meaning in the same

manner as the word *shall* has been considered mandatory when referring to the time period for entering an appeal.

▇▇ What we have said, however, does not dispose of the instant appeal. We have held that when fraud or some breakdown in the court's operation causes the failure to comply with statutory requirements, the appeal should not be quashed. *Commonwealth v. Horner,* 449 Pa. 322, 296 A.2d 760 (1972) ; *In Re Purdy's Estate,* 447 Pa. 439, 291 A.2d 93 (1972); *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938). We conclude that the principle of these cases is applicable to the instant appeal.

The statute involved here requires that an appellant pay the accrued costs. We have examined the cost docket in this case and cannot conclude that the failure to pay the full costs was the appellant's fault. Rather, the failure to pay all the costs was clearly caused by the Prothonotary whose cost docket is confusing and misleading. The purpose of maintaining records available to the public is to provide accurate information upon which one may rely. The Prothonotary's records in this case, from which it is alleged that appellant should have known the full amount of the accrued costs, are highly confusing and were not kept in a manner that would accurately inform an interested party concerning the actual amount of accrued costs.

We cannot agree with the appellee's assertion that the appellant "could have readily ascertained the record costs" by examining the docket. It is contended that the appellant failed to pay plaintiff's filing fee, a sheriff's fee, and a fee for a certificate of readiness. Nowhere in the docket page is there any reference to any filing fee or sheriff's fee. There is an entry in column 1, of the page which reads "Poltenstein, Esq." Immediately under that entry there appears "24.50." There is no indication that the 24.50 represents costs, or, if it does represent costs, there is no indication as to what the amount is

for. Moreover, immediately under the above entries there appears a notation "Pltffs bill of costs $83.00." There is nothing to indicate whether the 24.50 has been included in the reference to plaintiff's bill of costs in the amount of $83.00. As for the additional $5.00 allegedly not paid, there is nothing in column 1, about the $5.00. One must cross over to column 3, to find any notation concerning the $5.00.

In *Commonwealth v. Horner*, 449 Pa. at 324, 296 A.2d at 762, we stated that "[a]n inaccurate notice is as misleading to counsel as lack of notice. Both occur because of a breakdown in court offices." In this case, the Prothonotary's records did not give proper notice of the costs which had accrued in the action. Under these circumstances, we cannot fault appellant's counsel for not knowing of all the accrued costs. Only clairvoyant counsel would be able to determine the full amount of accrued costs from the docket page involved here.

Because of the conclusion we have reached, there is no need to consider whether substantial compliance with the mandatory provisions of the statute is sufficient to perfect an appeal. *See Black and Brown, Inc. v. Home for The Accepted, Inc.*, 233 Pa.Super. 518, 335 A.2d 722 (1975).

The order of the Superior Court affirming the trial court, and the order of the trial court quashing appellant's appeal, are reversed and the matter remanded with instructions that appellant's appeal be reinstated upon the payment of the additional costs of $29.50.

Reversed and remanded.