## Wagner v. Oneida Motor Freight, Inc.

*Michael J. Pepe,* for plaintiff.
*Jeffrey L. Naftulin,* for defendant.

GARB, *J.*, December 14, 1976—Before us for disposition as a result of the application of Bucks County Rule of Civil Procedure \*266 is plaintiff's rule to show cause why defendants' appeal from the award of a board of arbitration should not be quashed. The petition for the rule was answered prior to the return day and in addition to the answer new matter asserted. Plaintiff filed a reply to the new matter and caused depositions to be taken in support of the petition for the rule to show cause. The matter, therefore, is ripe for disposition.

Essentially, plaintiff asserts two reasons for quashing the appeal. The first of these we reject out of hand. It is plaintiff's position that this mat-

ter, a trespass action, had been praeciped to the civil trial list and on the date on which it was called for trial, a jury was called but before the jury was sworn or the trial begun the matter, by stipulation and agreement of counsel, was submitted to arbitration upon the agreement that the amount in controversy did not exceed $10,000. Upon this stipulation the court entered an order submitting the matter to arbitration. Ultimately the board of arbitration met and entered an award in favor of plaintiff and against defendant in the amount of $7,000. It is that award from which defendant has taken an appeal.

Plaintiff contends that it was his intention upon agreement to the submission to arbitration at that late date that it be submitted only upon the understanding that the arbitration award be a final order and that, as a result of that contemplation defendant had waived any right to appeal. However, the deposition submitted in support of this contention by plaintiff was a deposition of plaintiff's counsel only in which he states and testifies that it was in fact his intention that the submission to arbitration be for a final unappealable award. However, his deposition does not support the contention that defendant or defendant's counsel ever intended the submission to arbitration to be a waiver of the appellate rights included in the Arbitration Act of June 16, 1836, P. L. 715, as most recently amended by the Act of March 15, 1956, P. L. (1955) 1279, sec. 1, 5 P. S. § 71. That section affords either party an absolute right to appeal for a trial de novo on the merits before the court. Absent a clear, unambiguous and unequivocal waiver of that right which is clearly not present on this record, such waiver cannot be found.

However, we believe that plaintiff's second contention is meritorious and that on that basis this appeal must be quashed. The foregoing act of assembly provides that either party may appeal from an award of arbitrators to the court, inter alia, under the following rules, regulations and restrictions, to wit, that such party shall pay all the costs that may have accrued in such suit or action. Bucks County Rule of Civil Procedure 908 which was adopted for the purpose of implementing the act of assembly, provides in language similar to the said act of assembly that any party may appeal from the action of the board of arbitrators to the court of common pleas and that the right to appeal shall be subject, inter alia, to the following conditions all of which shall be complied with within twenty days after the report of the board is filed with the prothonotary, to wit, appellant shall pay all record costs accrued to the time of taking the appeal. Although the rule of this court refers to "record" costs while the act of assembly refers to "all the costs" we believe that the rule of court must be read in the same light as the act of assembly because we do not believe that the rule of court can be drawn in such a way as to be more restrictive upon the right of appeal than the right afforded by the legislature. Therefore, we read no legal significance into the inclusion of the word "record" in defining the payment of costs as a requirement on appeal.

The order of court submitting the within matter to arbitration was entered on November 17, 1975. On December 2, 1975, a praecipe for arbitration was filed and on May 5, 1976, the arbitrators duly appointed were qualified, a hearing was held and their report filed. On May 7, 1976, plaintiff filed his

bill of costs in the total amount of $141.70. On May 20, 1976, defendant filed an exception to the bill of costs challenging only a portion of them. On the same date, May 20, 1976, the appeal from the award of arbitrators was filed, the arbitrator's fees of $115 was paid and "accrued" costs of $44.70 likewise paid, and a bond in the sum of $100 was filed. On the same date the matter was praeciped again to the trial list.

After a period of backing and filling and considerable uncertainty regarding the effect upon the right to appeal of a failure to pay all of the record costs or those claimed by the appellee in such a situation, see Meta v. Yellow Cab Company of Philadelphia, 222 Pa. Superior Ct. 469, 294 A.2d 898 (1972), Madrid Motor Corp. v. Cashan, 206 Pa. Superior Ct. 383, 213 A.2d 284 (1965) and Black and Brown, Inc. v. Home for the Accepted, Inc., 233 Pa. Superior Ct. 518, 335 A.2d 722 the Supreme Court has seemingly now decided that the payment of costs is a mandatory sine qua non to the perfection of an appeal from the award of a board of arbitrators and in the absence of the satisfaction of this requirement this court lacks jurisdiction to hear the case on appeal and the appeal must be quashed: James F. Oakley, Inc. v. School District of Philadelphia, 464 Pa. 330, 346 A.2d 765 (1975). Although in that case the order of the lower court quashing the appeal was reversed because the docket entries were so confusing that the appellant could not properly determine the amount of costs to deposit, the legal dogma controlling the issue is quite clearly set forth. In the case before us we do not have any confusion regarding the accrued costs because they are clearly set forth in the itemized bill of costs filed by plaintiff on May 7,

1976, showing costs of $141.70. Notwithstanding that, defendant arbitrarily having decided what he considered to be proper costs, deposited the sum of $44.70 only and proceeded to attempt to perfect his appeal. We believe that he proceeded on this basis at his peril and has thereby forfeited his right to this appeal.

Defendant attempts to salvage his legal position on an assertion that plaintiff has failed to comply with Bucks County Rule of Civil Procedure * 280 having to do with the filing of bills of costs. It may be true, as asserted by defendant, that plaintiff's bill of costs did not, strictly speaking, comply with the requirements of that rule. Subsection (a) of that rule provides that bills of costs must contain the names of the witnesses, the date of their attendance, the number of miles actually travelled by them and the place from which mileage is claimed. Clearly, the bill of costs as submitted did not comply with these requirements. However, defendant's exceptions to the bill of costs were filed, as previously noted, on May 20, 1976, some thirteen days after the bill of costs was filed. Subsection (c) of Rule * 280 provides that the party upon whom a bill of costs has been served, may, within four days thereafter, file exceptions thereto and require that it be taxed by the prothonotary. That subsection further provides that a failure to file exceptions and to serve a copy thereof upon the adverse party "within the four days, shall be deemed a waiver of all objections to the bill filed." Therefore, we believe that by virtue of his failure to file the exceptions within the permissible four day period, defendant has waived any exceptions he may have to the bill of costs including the form thereof.

Furthermore, the exceptions that were filed, albeit untimely, did not challenge the alleged infirmity in the form or substance of the bill of costs actually filed, but only raised the question of whether the specific items are properly taxable as costs. If the defendant seriously contests the propriety of the specific items of costs, he is afforded adequate protection under other provisions of Rule * 280. The last sentence of subsection (c) provides that when collected on execution or paid into court, the costs excepted to will be retained until the question is decided. Subsection (d) of Rule * 280 provides that where exceptions have been filed either party may give the prothonotary and the adverse party 48 hours notice of the time and place for such taxation, and subsection (e) provides that from the taxation by the prothonotary, either party may appeal to the court within four days, and not thereafter, and subsection (f) provides that all other objections to claims for costs or to the recovery thereof by execution shall be made by rule to show cause. Therefore, defendant was afforded, by virtue of this rule, full and adequate procedural devices whereby he could challenge the costs as taxed and need only have paid them into court, subject to his exceptions, in order to preserve his right to appeal. He chose to forego this procedure and did so at his peril. Therefore, we hold, as we must, that defendant has waived any exceptions he may have to the bill of costs, and not having paid the accrued costs as a mandatory prerequisite to perfecting his appeal, the appeal must be quashed.

## ORDER

And now, December 14, 1976, it is hereby or-

dered, directed and decreed that plaintiff's rule to show cause why the appeal from the board of arbitrators shall not be quashed is made absolute and the said appeal is quashed.