384 A.2d 1309

**William C. FRIEDGEN, Executor of the Estate of Clemens F. Friedgen, Appellant,**

**v.**

**EVANGELICAL MANOR.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided April 13, 1978.

Werner H. Von Rosenstiel, Philadelphia, for appellant.

Thomas M. Guinan, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court improperly quashed his appeal from an arbitration award. We agree and, therefore, reverse the order of the lower court.

On January 29, 1976, appellant filed a complaint in assumpsit against appellee in the Philadelphia Court of Common Pleas. Because appellant did not seek to recover in excess of $10,000, the case was assigned to an arbitration panel.[1] On October 22, 1976, the arbitration panel heard testimony and entered a finding in favor of appellee.

On November 12, 1976, appellant took an appeal from the arbitration award. Appellant filed a notice of appeal with the prothonotary in which he alleged that all accrued and record costs had been paid or tendered to appellee. Appellant also filed a recognizance bond and an affidavit stating that he undertook the appeal in good faith.[2] On December 3, 1976, appellee filed a motion to quash the appeal. Appellee alleged that appellant had not fully paid or tendered record costs within twenty days after the arbitration award as required by statute.[3] Appellant filed an answer which asserted that he had not paid any costs to appellee after the entry of the arbitration award because no costs appeared on the record. On January 11, 1977, the lower court quashed the appeal from the arbitration award because he did not pay all accrued costs within twenty days after the entry of the arbitration award. This appeal followed.

Appellant contends that the lower court improperly quashed his appeal from the arbitration award. More specifically, appellant asserts that the record does not reflect any unpaid accrued costs. Moreover, even if appellant failed

1. *See* Philadelphia Court Rules, Arbitration Rule 180, Rule I (Legal Intelligencer 1977).

2. The docket demonstrates that appellant paid the following costs in perfecting his appeal: "Appeal–$110.00, Jury–$60.00, Bond–$3.00, Clerk–$10.00."

3. Act of June 16, 1836, P.L. 715, § 27; Act of Jan. 14, 1952, P.L. (1951) 2087, § 4; Act of March 15, 1956, P.L. (1955) 1279, § 1; 5 P.S. § 71.

to make all the required payments, he asserts that he made an honest and substantial effort to comply with the statutory directives. *See Black & Brown, Inc. v. Home for Accepted, Inc.,* 233 Pa.Super. 518, 335 A.2d 722 (1975).

A party dissatisfied with an arbitration award may appeal if he complies with the following statutory prerequisites:

"I. The party appellant, his agent, or attorney, shall make oath or affirmation, that 'it is not for the purpose of delay such appeal is entered, but because he firmly believes injustice has been done.'

"II. Such party, his agent or attorney, *shall pay all the costs that may have accrued in such suit or action.*

"III. The party, his agent, or attorney, shall enter into the recognizance hereinafter mentioned.

"IV. *Such appeal shall be entered, and the costs paid, and recognizance filed, within twenty days after the day of the entry of the award of the arbitrators on the docket.*

"V. In all cases under section 8.1 hereof, any party appealing shall first repay to the county the fees of the members of the board of arbitrators herein provided for, but not exceeding fifty per cent of the amount in controversy. The balance of the arbitrator's fees shall be absorbed and paid by the county. Such fees shall not be taxes as costs or be recoverable in any proceeding. All appeals shall be de novo." [4] (Emphasis added). Prior to 1972, our Court generally exacted strict compliance with the statutory requirement that all "accrued costs" must be paid within twenty days. For example, in *Madrid Motor Corp. v. Cashan,* 206 Pa.Super. 383, 213 A.2d 284 (1965), our Court affirmed an order quashing an appeal from an arbitration award because appellant had failed to pay costs documented by the record within twenty days after the award. We noted that there are two distinct types of costs which a party seeking to appeal is obligated to pay pursuant to statute. First, the

**4.** *See* footnote 3, supra. *See also* Philadelphia Court Rules, Arbitration Rule 180, Rule VI. Rule VI requires that "[t]he appellant shall pay all costs accrued at the time of taking the appeal."

party must pay "accrued record costs". These costs " . . . include all record costs, namely, costs paid by the plaintiff[5] to the prothonotary and to the sheriff, such as fees for filing and service of this complaint, fees for filing and service of the writ of attachment summoning the garnishee, discovery costs, notary fees for various affidavits filed of record, and fees for subpoenaes to bring witnesses to arbitration hearings." supra, 206 Pa. at 386, 213 A.2d at 287. Second, a party must pay costs which are properly listed in a bill of costs filed by the opposing party and entered in the record by the prothonotary. These costs are generally incurred by counsel independently of costs paid to the prothonotary and sheriff. This bill of costs must be entered on the record; otherwise, the opposing party will have no notice of the costs taxed to it. *See Olsen v. Volpe,* 213 Pa.Super. 498, 249 A.2d 835 (1968). For example, a fee for a subpoenaed witness incurred by the non-appealing party should be entered on the record by way of a bill of costs. In *Madrid Motor Corp. v. Cashan,* supra, appellant failed to pay all "accrued record costs." In particular, appellant failed to pay the following costs listed in the record: the prothonotary's costs for the institution of the action and the filing of plaintiff's answer to new matter, discovery fees, notary fees, counsel's docket fee, and sheriff's costs. *See also, Manton v. Marini,* 218 Pa.Super. 298, 280 A.2d 403 (1971); *Harry C. Erb, Inc. v. Shell Constr. Co.,* 206 Pa.Super. 388, 213 A.2d 383 (1965); *Fleisher v. Kaufman,* 206 Pa.Super. 378, 212 A.2d 846 (1965); *Budde v. Sandler,* 204 Pa.Super. 36, 201 A.2d 247 (1964).

In 1972, our Court charted a new course and held that the statutory requirement that accrued costs be paid was directory, not mandatory. *See Meta v. Yellow Cab Co. of Phila.,* 222 Pa.Super. 469, 294 A.2d 898 (1972). In *Meta,* appellant

---

5. In *Madrid,* the plaintiff prevailed at the arbitration proceeding. Consequently, defendant took the appeal and bore the burden of paying all accrued costs. Thus, *Madrid* refers to costs paid by a *plaintiff* in filing various documents. A losing plaintiff would likewise be responsible for a defendant's record costs in filing court documents in the record.

paid $10.00 in record costs, but failed to pay an additional $7.75 in costs appearing on the record. We reversed the order quashing the appeal from the arbitration award and stated that appellant's failure to comply with a de minimis and directory condition did not prevent perfection of his appeal.[6] *See also Holmes v. Broodno,* 222 Pa.Super. 478, 294 A.2d 903 (1972).

Three years later, our Court, concerned with an appealing party's complete refusal to pay any record costs, overruled the holding in *Meta* " . . . insofar as it [declared] that the statutory requirement of the payment of costs [in an appeal from an arbitration award] is directory rather than mandatory." *Black & Brown, Inc. v. Home for Accepted, Inc.,* 233 Pa.Super. 518, 522, 335 A.2d 722, 724 (1975). Nevertheless, we rejected a return to the pre-1972 standard of strict compliance because of its overly harsh impact on parties who had only failed to pay a minimal part or the accrued costs. Therefore, we adopted the following rule: " . . . the requirement that record costs be paid during the appeal period is mandatory—but with the caveat that a valid attempt to make such timely and full payment, coupled with substantial though incomplete compliance with the requirement, should not result in the harsh finality of an order quashing an appeal from arbitration. Rather, our courts should examine the appellant's attempts at compliance in order to determine whether an honest effort has been made to meet the requirements of the statute." supra, 233 Pa.Super. at 522, 335 A.2d at 724. Because the appealing party in *Black & Brown, Inc. v. Home for Accepted, Inc.,* supra, completely refused to pay any part of the record costs, we held that the lower court properly quashed the appeal from the arbitration award.

**6.** The author of this opinion, joined by Watkins, J., (subsequently President Judge Watkins), and Jacobs, J., (now President Judge Jacobs), filed a Dissenting Opinion in *Meta.* The author stated that appellant's failure to pay all record costs should bar his appeal. Although the result would be harsh, appellant could have easily complied with the statutory mandate by checking with the prothonotary's office to determine the trust costs of record.

In *James F. Oakley, Inc. v. School Dist. of Phila.*, 464 Pa. 330, 346 A.2d 765 (1975), our Supreme Court recounted the developments over the past decade to determine whether an appeal from an arbitration award should be quashed for failure to pay all the accrued costs. The Court first held that the requirement that accrued costs be paid is mandatory and jurisdictional. However, the Court stated that " . . . when fraud or some breakdown in the court's operation causes the failure to comply with statutory requirements, the appeal should not be quashed." supra, 464 Pa. at 335, 346 A.2d at 767. In the case before it, the Court examined the prothonotary's cost docket and found it confusing and incomplete. For example, the docket entries did not specify the fee paid for filing the complaint or the amount of the sheriff's fee. Moreover, a docket entry which read "Poltenstein, Esq." and under which appeared "24.50" did not indicate what costs, if any, 24.50 specifically represented. In short, " . . . the Prothonotary's records did not give proper notice of the costs which had accrued in the action. Under these circumstances, we cannot fault appellant's counsel for not knowing of all the accrued costs. Only clairvoyant counsel would be able to determine the full amount of accrued costs from the docket page involved here." supra, 464 Pa. at 336, 346 A.2d at 768. Accordingly, the Supreme Court ordered the appeal reinstated upon the payment of the additional accrued costs not specifically designated in the docket entries.[7]

In the instant case, appellee argues that appellant failed to pay the following accrued costs: (1) the cost of notarization of an affidavit verifying appellee's answer [8] and

---

7. Because the Supreme Court concluded that the appeal should not be quashed because appellant could not determine the accrued costs from the record, the Court did not decide whether a party who in good faith paid a substantial part of the record costs could appeal. *See Black & Brown, Inc. v. Home for Accepted, Inc.*, supra.

8. Pa.R.Civ.P. 1024; 42 Pa. C.S. 1024 requires a defendant to verify his answer.

(2) a witness fee of appellee's administrator.[9] *Madrid Motor Corp. v. Cashan,* supra, does mention "notary fees for various affidavits filed of record" as an example of an "accrued record cost." However, the record in the case at bar does not reveal the actual cost expended by appellee in notarizing the affidavit to its answer. Thus, appellant in the instant case is no more able to determine the full amount of accrued costs from an inspection of the docket page than the party who appealed the arbitration award in *James F. Oakley, Inc. v. School Dist. of Phila.,* supra. In short, we cannot charge appellant with responsibility for paying the notarization fee because the amount of the fee has not been entered on the record.[10]

Appellee also argues that appellant failed to pay a witness fee for appellee's administrator. Appellee's administrator agreed to attend the arbitration hearing without being subpoenaed. Appellant called the administrator as on cross-examination to testify to an alleged conversation in which the administrator agreed to refund some money to the appellant's decedent, Clemens Friedgen. The administrator denied that the conversation took place. Appellee now argues that appellant should have paid the administrator's witness fee as a prerequisite to his appeal. However, we first note that only subpoenaed witnesses are entitled to compensation. See Act of July 21, 1941, P.L. 425, §§ 1, 2, 8; 28 P.S. §§ 416.1, 416.2, 416.8. The administrator was not subpoenaed by either party, and thus was not entitled to a witness fee. Second, appellee did not file a bill of costs reflecting either the payment or amount of the alleged witness fee. In the absence of such notification, we cannot

9. The docket entries demonstrate that appellant, as plaintiff below, paid a total of $30.00 for filing the complaint and for sheriff's fees and $5.00 for filing a certificate of readiness. Moreover, the record does not demonstrate any costs incurred by appellee-defendant as a result of discovery or subpoena fees. Finally, appellee did not file a bill of costs incurred by its counsel independently of costs paid to the prothonotary or sheriff.

10. According to appellant's brief, the charge for this service equalled approximately $1.00.

charge appellant with responsibility to pay a witness fee as a prerequisite to taking an appeal. *See Olsen v. Volpe,* supra; *Madrid Motor Corp. v. Cashan,* supra.

■ In summary, the record reveals no accrued record costs which appellant has failed to pay. Therefore, we must reverse the order of the lower court quashing the appeal from the arbitration award and remand for reinstatement of the appeal, provided that appellant pay the costs incurred by appellee in notarizing its answer.[11]

Case remanded for proceedings consistent with this Opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

11. In *James F. Oakley, Inc. v. School Dist. of Phila.* supra, the Supreme Court remanded for reinstatement of the appeal, provided that appellant pay the costs which had not been entered clearly on the record. In the instant case, the cost incurred by appellee in notarizing its answer is the only cost which was not entered clearly on the record.