434 A.2d 721

Anthony CUSAMANO

v.

VESTED GENTRY, INC., Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 14, 1981.

William L. McLaughlin, Paoli, for appellant.

Albert C. Oehrle, Norristown, for appellee.

Before WICKERSHAM, BROSKY, and ROBERTS, JJ.*

* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania
is sitting by designation.

PER CURIAM:

We reverse the order of the trial court of Montgomery County dated April 23, 1978 striking appellant's appeal from the Board of Arbitration.

Montgomery County Rule 807 provides the procedure in appealing an action of the Board of Arbitrators. Rule 807 in its pertinent parts states:

Rule 807. Appeals and Exceptions

(a) Any party may appeal from the action of the Board of Arbitrators to the Court of Common Pleas of Montgomery County. The right of appeal shall be subject to the following conditions, *all of which shall be complied with within twenty (20) days after the report of the Board is filed with the Prothonotary:*

(1) The appellant shall file with the Prothonotary a notice of appeal, a copy of which shall be served on the adverse party or his counsel by the appellant; an affidavit that the appeal is not taken for delay but because he believes an injustice has been done; an appeal bond with sufficient surety in double the amount of costs likely to accrue; and a praecipe ordering the case for trial on the civil trial list.

(2) Before taking an appeal, appellant shall pay to appellee all the *record costs* paid by the appellee to the time of taking the appeal, and shall file a certification that he has complied with this rule. (emphasis added)

The applicable docket records in this case are as follows:

| | |
|---|---|
| August 21, 1978 | Report of Arbitrators was mailed to parties or their counsel. |
| August 30, 1978 [1] | Defendant's appeal from award of arbitrators filed. |
| August 30, 1978 [1] | Affidavit of defendant of no delay. |

[1] August 30, 1978, nine days had elapsed from mailing report of arbitrators.

[2] September 13, 1978, twenty-three days had elapsed from mailing report of arbitrators.

| | |
|---|---|
| August 30, 1978 [1] | Cash bond $100 posted, filed by defendant. |
| August 30, 1978 [1] | Praecipe for Civil Trial list filed by defendant. |
| September 13, 1978 [2] | Defendant's certificate of payment of costs filed. |

Twenty-one days having elapsed from the mailing of the report and award of Arbitrators, appellee filed a petition to strike the appeal.

Two days later, appellant filed his answer alleging that on August 30, 1978 (nine days after the mailing of award), it deposited one hundred dollars ($100) with the Prothonotary's office for the purpose of paying plaintiff all costs incurred and to be incurred and also mailed to the attorney for appellee expended costs of $25.50 for the Prothonotary and $10.90 for the Sheriff or a total of $36.40.

The gist of the lower court's opinion is that because appellant failed to pay within 20 days the $36.40 to appellee's counsel to reimburse him for costs advanced, his appeal should be quashed.

Appellee's petition to strike does not allege it sent a statement to appellant or counsel informing appellant that it advanced costs and the amount thereof so that appellant could pay to appellee the costs advanced. As far as the record is concerned, the first clear statement that counsel for appellee advanced costs totaling $36.40 was contained in appellee's petition to strike, which petition was filed 21 days after mailing of the award of arbitrators.

It is true that the arbitrations docket lists some costs which have been paid or are to be paid by the appellant. However, these costs are presented in a very cryptic manner. It is not clear exactly what costs were due. The instant case contains facts similar to those in *James F. Oakley, Inc. v. School District of Philadelphia*, 464 Pa. 330, 346 A.2d 765 (1975) where:

In the case before it, the Court examined the prothonotary's cost docket and found it confusing and incomplete.

For example, the docket entries did not specify the fee paid for filing the complaint or the amount of the sheriff's fee. Moreover, a docket entry which read "Poltenstein, Esq." and under which appeared "24.50" did not indicate what costs, if any, 24.50 specifically represented. In short, ". . . the Prothonotary's records did not give proper notice of the costs which had accrued in the action. Under these circumstances, we cannot fault appellant's counsel for not knowing of all the accrued costs. Only clairvoyant counsel would be able to determine the full amount of accrued costs from the docket page involved here." supra, 464 Pa. at 336, 346 A.2d at 768. Accordingly, the Supreme Court ordered the appeal reinstated upon the payment of the additional accrued costs not specifically designated in the docket entries.

Accord, *Friedgen v. Evangelical Manor*, 253 Pa.Super. 216, 222, 384 A.2d 1309, 1312 (1978).

The lower court's position is that of strict construction of Rule 807 and cites as authority for its position the case of *Black & Brown, Inc. v. Home for Accepted, Inc.*, 233 Pa.Super. 518, 335 A.2d 722 (1975). We are aware that a portion of that opinion on, 233 Pa.Super. 522, 335 A.2d 722 states: "but with the caveat that a valid attempt to make such timely and full payment, coupled with substantial though incomplete compliance with the requirement should not result in the harsh finality of an order quashing an appeal from arbitration. Rather, our courts should examine the appellant's attempts at compliance in order to determine whether an honest effort has been made to meet the requirements of the statute." Using this standard, the lower court dismissed the appeal on the ground that appellant had failed to comply substantially with the requirement that record costs be paid within the twenty day period.

However, in *James F. Oakley*, supra., the Court held that where, as here, counsel has no notice of accrued costs beyond a few confusing notations on the docket sheets, the issue of substantial compliance is irrelevant. Therefore, we do not consider the implications of the caveat or the substantiality of appellant's compliance with Rule 807.

We recognize that we must allow the local jurisdictions within our Commonwealth to enjoy relatively undisturbed autonomy in establishing and interpreting its rules. However, we also realize that it is our obligation to assure that the strict application of those rules does not tempt our courts to pursue the path leading to unjust results in the name of procedural efficiency. We must respect the rules of each court, but we must first assume that justice is accorded the parties in a fair manner.

We are left with no other reasonable course but to reverse the order of the lower court quashing the appeal form the arbitration award. Accordingly, we remand for reinstatement of the appeal.

WICKERSHAM, J., files dissenting opinion.

WICKERSHAM, Judge, dissenting:

I dissent.

Vested Gentry, appellant, plainly failed to comply with Montgomery County Civil Rule 807. While it did post surety in double the amount of costs *likely to accrue* in compliance with Rule 807(a)(1), appellant admitted it "inadvertently" failed to pay for record costs *previously accrued* as required by Rule 807 (a)(2). (Appellant's brief p. 2). Moreover, appellant admitted that it failed to comply with Montgomery County Civil Rule 807(a)(2) in that it failed to file a certification within the twenty (20) day appeal period. (Appellant's Answer To Petition To Strike Appeal, paragraph 7).

The trial court has broad discretion in construing its own rules, and its interpretation will not be reversed unless it amounts to an abuse of discretion. *Germ v. Price,* 175 Pa.Super. 286, 104 A.2d 166 (1954). I find that the lower court did not abuse its discretion and further I recognize the importance of strict adherence to procedural rules.

It cannot seriously be contended that procedural rules, either at the state or local level, are not an absolute essential to the orderly administration of justice and the smooth and efficient operation of the judicial process...

The sheer number of cases and appeals make it imperative the rules be strictly enforced. Anything less would disrupt the already tenuous flow of trials and resulting appeals. *Straff et al. v. Nationwide Mutual Fire Insurance Company*, 230 Pa.Super. 403, 407, 326 A.2d 586, 587–588 (1974).

In light of the foregoing, I would affirm the order of the lower court.