IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gilbert M. Martinez, : 
 : 
                Appellant : 
 : 
       v. : No. 2047 C.D. 2016 
 : Submitted: April 21, 2017 
Reading Area Water Authority : 


OPINION NOT REPORTED

MEMORANDUM OPINION
**PER CURIAM**                             FILED: August 30, 2017


        Gilbert M. Martinez (Martinez) appeals, *pro se*, from the December 8, 2016 entry of judgment in the Court of Common Pleas of Berks County (trial court) on a November 7, 2016 arbitration award in the amount of $2,189.39 in favor of Reading Area Water Authority (Authority).

        Martinez filed a complaint against the Authority on June 10, 2014, alleging, *inter alia,* that the Authority violated various statutory provisions with respect to the provision of his water service. He filed an amended complaint on July 21, 2014, seeking monetary damages and injunctive relief. The Authority filed an answer and counterclaim in the amount of $865.57. At the time, Martinez was represented by counsel.

        Martinez proceeded *pro se* beginning in October 2014. On November 7, 2014, the trial court granted his application for injunctive relief, ordered the Authority to supply water to his residence, and required Martinez to file a bond and make regular monthly payments including the cost of water usage. Following an

evidentiary hearing, the trial court denied Martinez's "Motion for leave to amend the Complaint and objection for Arbitration" by order dated December 23, 2014.

On April 10, 2015, the trial court certified the case as ready for arbitration pursuant to Berks County Rule of Civil Procedure (B.R.C.P.) 1301[1] and scheduled an arbitration hearing for June 11, 2015. The matter was rescheduled twice,[2] and, by order dated October 13, 2016, the trial court scheduled arbitration for November 7, 2016. Copies of this order were served to the Authority and Martinez's counsel of record, who had not then formally withdrawn as counsel.

Martinez did not appear at the arbitration hearing, and the panel awarded the Authority $2,189.39 for charges related to Martinez's water service and litigation costs. The award was entered on the docket on November 7, 2016.[3] On November 25, 2016, Martinez filed a *pro se, ex parte* motion to show cause, seeking to have the arbitration award vacated on the grounds that he had not received notice of the November 7th arbitration hearing. The trial court denied the motion on December 2, 2016, and judgment was entered on the award on December 8, 2016. Pa. R.C.P. No. 1307(c) (providing that the prothonotary on praecipe shall enter judgment on the award if no appeal is taken within thirty days after entry of the award).

---

[1] B.R.C.P. 1301 provides for compulsory arbitration of all civil actions where the amount in controversy shall be $50,000 or less. *See* Section 7361 of the Judicial Code, 42 Pa. C.S. §7361 (compulsory arbitration).

[2] Martinez filed appeals to this Court from each of the trial court's orders scheduling arbitration. We dismissed the first appeal pursuant to Pa. R.A.P. 1925 by order dated August 3, 2015, and quashed the second appeal as interlocutory on June 14, 2016.

[3] B.R.C.P. 1306; Pa. R.C.P. Nos. 1306, 1307.

2

On December 19, 2016, Martinez filed a *pro se* Notice of Appeal in this Court from the December 8, 2016 entry of judgment.[4]  On appeal, Martinez argues that: (1) the trial court lacked authority to order arbitration; (2) the trial court abused its discretion by denying his motion to amend his complaint; and (3) the arbitration award cannot stand because he did not receive proper notice.[5]  We do not reach the merits of these arguments, however, because we are constrained to quash the appeal as untimely.

B.R.C.P. 1308(a) (emphasis added), states that "[a]ny party may appeal from an award of arbitrators within such time after the entry of the award and *upon compliance with the requirements of* Pa. R.C.P. [Nos.] 1308 through 1311."  Pa. R.C.P. No. 1038(a) provides that an appeal from an arbitration award shall be filed "not later than thirty days after the day on which the prothonotary makes the notation on the docket that notice of entry of the arbitration award has been provided . . . ."[6]

---

[4] On January 23, 2017, Attorney J. Palmer Lockard, II, filed a petition in the trial court to withdraw his appearance, which the trial court granted.  The petition to withdraw alleged that: after filing a complaint and amended complaint on Martinez's behalf, Attorney Lockard advised Martinez on October 1, 2014, that he and the Widener Law Clinic could no longer represent him; Martinez contacted the Widener Law Clinic of January 6, 2017, requesting that Attorney Lockard formally withdraw his appearance in this matter; and Martinez is not opposed to such withdrawal.

[5] Martinez complains that he did not receive notice of the arbitration hearing because it was sent to his counsel and not to his home address.  Although Martinez had proceeded *pro se* for some time, notice was properly mailed to his counsel of record.  B.R.C.P. 1303.1; Pa. R.C.P. No. 440(a)(1)(i).

[6] In its entirety, Pa. R.C.P. No. 1308 states as follows:

Rule 1308.  Appeal.  Arbitrator's Compensation. Notice

(a) An appeal from an award *shall be taken by*

**(Footnote continued on next page…)**

In *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001), our Supreme Court emphasized that a party must strictly adhere to applicable statutory provisions in order to perfect an appeal. In that case, an arbitration panel entered an award in the appellants' favor on November 25, 1998, and that same day the prothonotary noted the entry of the award and notice to the parties on the docket. An employee at the law firm of appellee's counsel deposited the notice of appeal in a U.S. Postal Service mailbox at approximately 5:00 p.m. on December 22, 1998. The time for filing a notice of appeal from the arbitration award expired on December 28, 1998, Pa. R.C.P. No. 1308, and the prothonotary had not received the appellee's notice of

---

**(continued…)**

(1) filing a notice of appeal in the form provided by Rule 1313 with the prothonotary of the court in which the action is pending not later than thirty days after the entry of the award on the docket that notice of entry of the arbitration award has been provided as required by Rule 1307(a)(3), and

(2) payment to the prothonotary of the compensation of the arbitrators not exceeding fifty percent of the amount in controversy, which shall not be taxed as costs or be recoverable in any proceeding;

provided that the court, in an appropriate case, upon petition may permit the appellant to proceed in forma pauperis.

(b) The appellant shall provide the prothonotary with the required notice for mailing and properly stamped and addressed envelopes. The prothonotary shall give notice to each other party of the taking of the appeal. Failure to give the notice shall not invalidate the appeal.

(c) The appellant shall not be required to post any bond, recognizance or other security or to pay any record costs which have accrued in the action. All record costs shall abide the event.

Pa. R.C.P. No. 1308 (emphasis added).

appeal. On December 29, 1998, the appellants filed a praecipe to enter judgment against the appellee and the prothonotary entered a judgment on the arbitration award on that date. The next day, the prothonotary received the appellee's notice of appeal, but because the time for filing had expired, the prothonotary returned the notice of appeal to the appellee.

The appellee filed a motion for leave to appeal *nunc pro tunc*, contending that she filed the notice of appeal on December 22, 1998, which, she contended, allowed sufficient time for the notice to be delivered to the prothonotary by December 28, 1998. The appellee argued that she should not be precluded from appealing the arbitration award because of the unreasonable delay of the mail service. The trial court denied the motion, but the Superior Court vacated the trial court's order and remanded the matter to the trial court for additional findings.

On further appeal, our Supreme Court reversed. The court first explained:

> In order to perfect an appeal, parties must strictly adhere to the statutory provisions for filing an appeal. *See Sellers v. Workers' Comp. Appeal Bd. (HMT Construction Services)*, [713 A.2d 87, 89] (Pa. 1998); *Oakley v. School Dist. of Philadelphia*, [346 A.2d 765, 767] (Pa. 1975). Pennsylvania Rule of Civil Procedure 1308 states that a notice of appeal must be 'filed with the prothonotary' of the court where the action is pending within thirty days from the date that the prothonotary notes on the docket that the judgment on the arbitration award has been entered and the parties have been notified of that judgment. Pa. R.C.P. [No.] 1308. Unlike the Rules of Appellate Procedure, which in certain instances specify that filings can be deemed filed on the date they are deposited in the U.S. Mail, the Pennsylvania Rules of Civil Procedure do not so provide. In fact, Rule of Civil Procedure 205.1 specifically provides that '[a] paper sent

5

by mail shall not be deemed filed until received by the appropriate officer.' Pa. R.C.P. [No.] 205.1. Moreover, appellate courts do not have the authority to enlarge the time for filing a notice of appeal. Pa. R.A.P. 105. Therefore, as Rule 1308 now stands, for an appeal from an arbitration award to be deemed timely filed, the prothonotary of the court where the action is pending *must receive* a notice of appeal within thirty days from the date the prothonotary notes on the docket that the arbitration award has been entered and the parties have been notified of the award.

781 A.2d at 1159 (emphasis in original). The court recognized that a court may allow a party to file an appeal *nunc pro tunc* in extraordinary circumstances but concluded that the appellee's failure to anticipate a potential delay in the mail was not the type of non-negligent circumstance for which an appeal *nunc pro tunc* may be granted.

In *Hines v. Southeastern Pennsylvania Transportation Authority*, 607 A.2d 301 (Pa. Cmwlth. 1992), following an unfavorable arbitration award, docketed July 5, 1988, the appellant filed a Demand for Jury Trial and a praecipe to proceed *in forma pauperis* on July 27, 1988. The trial court granted the appellee's motion to quash on the ground that the appellant failed to comply with the requirements of Pa. R.C.P. No. 1308. We rejected the appellant's argument that her appeal should be reinstated because she made a good faith effort and substantially complied with the Rules of Civil Procedure in filing her appeal. Relying on *James F. Oakley, Inc. v. School District of Philadelphia*, 346 A.2d 765 (Pa. 1975),[7] we held that the plain language of Rule 1308, "[a]n appeal from an

---

[7] In *James F. Oakley, Inc.*, the Supreme Court held that the word "shall" in the statute allowing de novo appeal from arbitration awards must be construed as mandatory in every provision. 346 A.2d at 767.

award *shall* be taken by . . . filing a notice of appeal in the form provided by Rule 1313 . . . not later than thirty days after the entry of the award on the docket," is mandatory.  607 A.2d at 303-04.  We next observed that the mandatory statutory requirements for perfecting are jurisdictional.  607 A.2d at 304.  Thus, we held that the appellant in *Hines* failed to perfect her appeal, and we affirmed the trial court's order quashing her appeal for failure to comply with Rule 1308.

Our decision in *Hines* compels the same result here.  In this case, Martinez's failure to file an appeal within thirty days of the entry of the November 7, 2016 arbitration award as required by Rule 1308 deprives this Court of jurisdiction.[8]

Accordingly, the appeal must be quashed.

---

[8] It is well settled that the issue of subject matter jurisdiction cannot be waived and may be raised at any time by the parties or by the court *sua sponte*.  *Borough of Gettysburg v. Teamsters Local No. 776*, 103 A.3d 389, 397 (Pa. Cmwlth. 2014); *Housing Authority of Pittsburgh v. Van Osdol*, 40 A.3d 209, 213 (Pa. Cmwlth. 2012).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gilbert M. Martinez,          :
                                :
           Appellant  :
                                :
          v.          :  No. 2047 C.D. 2016
                                :
Reading Area Water Authority  :

**PER CURIAM**

### O R D E R

AND NOW, this 30th day of August, 2017, the appeal of Gilbert M. Martinez in the above-captioned matter is quashed.